**UNITED STATES DISTRICT COURT**
**DISTRICT OF PUERTO RICO**

GRAHAM-FIELD, et al.,
                    **Plaintiffs,**

                    vs.                                    **CIVIL NO. 98-1306 (DRD)**

TUFFCARE, INCORPORATED,
                    **Defendant.**

## ORDER

On March 30, 2000, the Court held a hearing for, among other things Plaintiffs' Motion

for an Order of Contempt, a Fine for Contempt, and Other Relief, (Docket No. 49) filed on May

20, 1999, requesting: (1) an order of contempt; (2) a motion for summary judgment, and (3) a

declaratory judgment. No opposition has been filed. First, the Court **DENIED WITHOUT**

**PREJUDICE** the motion for summary judgment for failure to attach a separate statement of

material facts pursuant to Local Rule 311.12. See Ayala-Gerena v. Bristol Myers-Squibb. Co.,

95 F.3d 86, 95 (1st Cir. 1996); Stepanischen v. Merchants Despatch Transp. Corp., 722 F.2d 922,

930-31 (1st Cir. 1983); Dominguez v. Eli Lilly & Co., 958 F. Supp. 721, 727 (D. P.R. 1997).

Next, the request for declaratory judgment is a thinly veiled attempt to have the Court render a

judgment on the merits, which should at this juncture be addressed in a motion for summary

judgment and is accordingly **DENIED**.

The remaining issue is the request for contempt. The Court incorporates the pertinent

parts of the parties's Joint Motion Submitting Stipulation and Order as follows:

"1. The parties have agreed that defendant Tuffcare, Inc. will sell its products to
plaintiff Graham-Field Express (Puerto Rico) Inc., for resale in Puerto Rico, at the
same price and terms the same are sold to Tuffcare, Inc.'s distributors in Puerto Rico,
including, but not limited to, Medex, Inc.
...
7. This stipulation will become immediately binding between the parties upon the

court's approval of the same.  Within five (5) days thereafter, Tuffcare, Inc. will provide to Graham-Field Express (Puerto Rico) a list of products and prices available for purchase by Graham-Field Express (Puerto Rico) Inc. for distribution in Puerto Rico."

(Docket No. 15).  The Court approved the stipulation on June 4, 1998.  (Docket No. 15).

Since the Court's approval, the evidence on record demonstrates that the Defendant, Tuffcare, Inc. has chosen to play "fast and loose" with the stipulation and order.  In clear contravention of the stipulation and order Tuffcare, Inc. offered 271 products to Medex, Inc. for sale in Puerto Rico (Docket No. 49, Exhibits 5 & 6), whereas, Plaintiff, Graham-Field Express (Puerto Rico) Inc., was only provided with a list of only 52 items.  (Docket No. 49, Exhibits 2-4). Further, Tuffcare, Inc. gave preferential sales prices to Medex, Inc., which were lower than the prices available to Plaintiff.[1]  Although, Plaintiff avers that favorable terms were given to Medex, Inc. and were not extended to Graham-Field Express (Puerto Rico) Inc. the Court is unconvinced (Docket No. 49, Exhibits (notes for 3 & 4), 11, 14).  However, the Court hereby **ORDERS** Defendant, Tuffcare, Inc. to henceforth grant Plaintiff, Graham-Field Express (Puerto Rico) Inc., the same terms, including payment term, as extended to Medex, Inc.

---

[1] Plaintiff, Graham-Field Express (Puerto Rico) Inc., provided a table for ready comparison of each particular merchandise model the differentials in prices available to Plaintiffs versus the price accorded Medex, Inc., along with the number of units sold by Medex, Inc. etc.  (Docket No. 49, Exhibit 12).  The Dealer Price List (Docket No. 49, Exhibit 5) was used as the price available to Plaintiff.  The price that Medex, Inc. had to pay was derived from the invoices provided by Defendants.  (Docket No. 49, Exhibits 7, 11); see also (Docket No. 49, Exhibits 8-10).

-2-

Wherefore, the Defendant, Tuffcare, Inc., is hereby found to be in **CONTEMPT**, and accordingly Plaintiffs' Motion for an Order of Contempt, a Fine for Contempt, and Other Relief, (Docket No. 49), is hereby **GRANTED IN PART**. However, the remainder of the motion is **DENIED** because the portions of Plaintiffs' motion regarding summary judgment and declaratory judgment were **DENIED WITHOUT PREJUDICE**.

IT IS SO ORDERED.

        **Date: March 31, 2000**                    **DANIEL R. DOMINGUEZ**
        P:\PEACHORD ERS\98-1306C MTN                 **U.S. DISTRICT JUDGE**

-3-

AO 72
(Rev 8/82)