UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

GRAHAM-FIELD, et al.,
    Plaintiffs,
vs.                                         CIVIL NO. 98-1306 (DRD)
TUFFCARE, INCORPORATED,
    Defendant.

## ORDER

    First, Plaintiffs' Motion for Reconsideration (Docket No. 65) requests that the Court amend its March 31, 2000 Order to award Plaintiff monetary damages in addition to the Court's finding of contempt. Because the motion is a reiteration of Plaintiffs' previous request and because the Court believes that damages are more appropriately awarded in the trial phase of this case Plaintiffs' motion (Docket No. 65) is **DENIED**. For the same reasons, the Plaintiffs' Motion for Contempt Against the Defendant for Failure to Comply with the Court's Order of January 22, 1999 (Docket No. 72) is also **DENIED**.

    Second, the parties have evidenced an inability to remain civil in their dealings with one another. We are all professionals hence, counsel are instructed to act like it.

    Third, the Plaintiffs have consistently resisted Defendant's request to take the deposition of Plaintiffs' employee Mr. Jeff Schwartz in San Juan, Puerto Rico. Instead, the Plaintiffs insist that Defendant comes to Plaintiffs home field of New York. Defendant has requested an extension of time to oppose Plaintiffs' motion for summary judgment under FED. R. CIV. P. 56(f), due to Plaintiffs' refuse to produce Mr. Schwartz for deposition as he is a crucial element to Defendant's response. The long-standing general rule for the taking of depositions of plaintiffs is that they will be taken ". . . in the district in which the suit was brought." 8A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2112 (2d ed. 1994); see Dalmady v. Price Waterhouse & Co., 62 F.R.D. 157, 158 (D. P.R. 1973). Because employees of Plaintiffs frequently travel to Puerto Rico on business the Court does not find substantial hardship or other good cause to alter this rule. The Plaintiffs are **ORDERED** to make Mr. Schwartz available for a deposition to be taken in San Juan, Puerto Rico as soon as possible within the next **thirty (30) days (but under no circumstances after February 16, 2001)**. The parties are to agree on the precise date and time. Further, Plaintiffs obstinance has stymied the Defendant's ability to fairly respond to the Plaintiffs' motion of summary judgment. Defendant is hereby **GRANTED until March 1, 2001** to oppose the summary judgment motion. A reply by Plaintiffs, if absolutely necessary, must be filed **by March 9, 2001**. No surreply is authorized.

    Accordingly Tuffcare's Motion in Opposition of Plaintiffs' Motion for Judgment on the Record on Plaintiffs' Motions for Partial Summary Judgment and a Declaratory Judgment and Tuffcare's Request for Relief Pursuant to Rule 56(f) of the Federal Rules of Civil Procedure

(Docket No. 68) is **GRANTED IN PART/DENIED IN PART** consistent with this Order. Also, consistent with the above ruling Tuffcare's Motion to Compel Discovery and for Discovery Sanctions (Docket No. 73) is **GRANTED IN PART/DENIED IN PART**.

In reaching this decision, the Court reviewed Defendant's Reply to Plaintiffs' Memo in Opposition to Tuffcare's Request for Relief Pursuant to Rule 56(f) of the Federal Rules of Civil Procedure (Docket No. 70) and thus, leave is **GRANTED** for the motion to be filed. The Court also reviewed Plaintiffs' Reply to Defendant's Memo Opposing Plaintiffs' Motion for Contempt (Docket No. 79) and therefore, leave is **GRANTED** for the motion to be filed and the Defendant's Motion to Strike (Docket No. 74) the reply is **DENIED**.

**IT IS SO ORDERED.**

Date: January 19, 2001

P:\FinalOrders\98-1306 ORD

DANIEL R. DOMINGUEZ
U.S. DISTRICT JUDGE