UNITED STATES COURT FOR THE DISTRICT OF PUERTO RICO
BEFORE HONORABLE DANIEL R. DOMINGUEZ

**MINUTES OF PROCEEDINGS**                            DATE: February 22, 2001
**CIVIL NO. 98-1306 (DRD)**

===========================================================================

| | | |
|---|---|---|
| **GRAHAM-FIELD, INC.,**  Plaintiff,  v. | Attorney: | Kenneth McCulloch |
| **TUFFCARE, INC.,**  Defendants. | | Arturo Negron-Garcia |

===========================================================================

    A STATUS CONFERENCE was held today. Defendants informed the Court that Plaintiff's had not produced Mr. Jeff Schwarz for deposition in Puerto Rico, as required by the Court's Order issued January 19th, 2001 (Docket No. 81). Defendant Tuffcare Inc.'s Motion to convert Pre-Trial Conference to Status Conference (Docket No. 86) was therefore **GRANTED**. Plaintiff indicated that Mr. Schwartz was no longer an employee of Graham-Field, Inc., and thus the company had no ability to compel his appearance or testimony. While the Court found these circumstances constituted good cause to move the deposition to New York, the Court noted that, at the time the deposition was originally noticed, Plaintiff did indeed control Mr. Schwartz. Thus, the Court **ORDERED** Plaintiff make Mr. Schwartz, using any and all legal means necessary, available for deposition **no later than Tuesday, March 6th, 2001,** at Plaintiff's counsel's offices in Manhattan. The Court advised Plaintiff that its obstinacy had thwarted Defendant's ability to effectively oppose Plaintiff's Motion for Partial Summary Judgment (Docket No. 67), and that if Plaintiff **once more** failed to comply with a Court order, such Motion would be summarily dismissed without prejudice.

    Moreover, the Court **ORDERED** Plaintiff to produce Defendant's Document Request, previously served amongst the parties, and reviewed and approved by the Court at the conference, **no later than March 9th, 2001**, or face summary dismissal without prejudice of its Motion for Partial Summary Judgment. At its request, Plaintiff was granted **until Tuesday, February 27th, 2001** to file a motion to strike particularly objectionable items from the Document Request. If Plaintiff complies with these requirements, Defendant must oppose the Motion for Partial Summary Judgment **no later than March 20th, 2001,** and Plaintiff may file a reply **no later than March 25th, 2001**. These deadlines are **firm** and **fatal**. **NO FURTHER EXTENSIONS shall be granted.**

    Finally, the parties brought to the Court's attention a potential jurisdictional conflict.

Although Graham-Field, Inc. filed for bankruptcy after the commencement of the instant lawsuit, Plaintiff's attorney assured the Court that the suit did not remain stayed and that Plaintiff had indeed filed a notice with the Court providing satisfactory evidence of its authority to continue pursuing the action. In response, the Court requested Defendants to file, at their earliest opportunity, a memorandum of law setting forth their view of the legal impact of the automatic bankruptcy stay, and the subsequent resumption of the lawsuit, on Defendant's counterclaim.

_____
DANIEL R. DOMINGUEZ
U.S. DISTRICT JUDGE