UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

GRAHAM-FIELD, et al.,
Plaintiffs,

vs.    CIVIL NO. 98-1306 (DRD)

TUFFCARE, INCORPORATED,
Defendant.

## ORDER TO SHOW CAUSE

On March 30, 2000, Plaintiffs' attorney Kenneth J. McCulloch filed an Informative Motion (Docket No. 60) advising the Court that his clients had filed for Chapter 11 bankruptcy, but that, notwithstanding, he was duly authorized by the Delaware bankruptcy court or its legally empowered surrogates to continue the instant civil action. At a Settlement Conference held February 22, 2001, Mr. McCulloch once again assured the Court that the case had not been automatically stayed pursuant to section 362(a)(1) of the Bankruptcy Code, and further, that adequate documentation had been submitted to the Court as exhibits thereto at the time that the Informative Motion was submitted.

Fed.R.Bankr.P. 6009 provides in full that :
 "[w]ith or without court approval, the trustee or debtor in possession may prosecute or may enter an appearance and defend any pending action or proceeding by or against the debtor, or commence and prosecute any action or proceeding in behalf of the estate before any tribunal"

Upon review of Plaintiff's Informative Motion, the Court finds no evidence that any legally empowered entity or individual authorized continued prosecution of the instant civil action. There are no orders or documents issued by the United States Bankruptcy Court for the District of Delaware. Moreover, there are no documents, by any entity whatsoever, specifically mentioning Mr. McCulloch, his law firm, or the instant action versus Tuffcare, Inc. As far as the Court can decipher, the only document that provides bears any relation to Mr. McCulloch's representations is a form opinion proposing that the Delaware bankruptcy court authorize the employment by Graham-Field Inc. and subsidiaries of certain "professionals utilized in the ordinary course of business" such lawyers in "specialized areas of the law, including without limitation tax, intellectual property, environmental issues, labor and other legal matters" and professionals in "other specialized fields, including without limitation personnel recruiting, real estate brokerage and property appraisal." Not only did the form opinion not specifically refer to the instant case, it was not even signed or captioned.

The Court therefore **ORDERS Plaintiffs to SHOW CAUSE** why the above-captioned action should not be stayed and all motions submitted by Plaintiffs following the date of Graham-Field Inc.'s bankruptcy filing should not be dismissed without prejudice pending resolution of the bankruptcy action. Plaintiffs **must provide no later than Friday, March 23rd,**



**2001**, *verified and authenticated* documentation demonstrating that the United States Bankruptcy Court for the District of Delaware *or* the debtor-in-possession has **specifically authorized** the continued prosecution of the above-captioned civil case (CIVIL NO. 98-1306 (DRD)). Any document purporting to originate from the debtor-in-possession **must** be supported by documentary evidence that the entity or individual authorizing the continued prosecution is **duly authorized** to do so, and will only be credited **as of the time it was dated**. To avoid the risk that the due authorization of the authorizing entity or individual will not be immediately apparent to the Court, Plaintiff's attorney may find it wise to supplement the required documentation with an explanation of how the supposed authorizing entity or individual is entitled to act on behalf of Graham-Field Inc. with respect to this matter.

The Court notes that the window of time for Plaintiff's attorney to avoid severe consequences is rather limited. Plaintiff's attorney represented to this Court, through his Informative Motion (Docket No. 60), that he was authorized to pursue the instant claim. Specifically, he stated:

> "A copy of all the pertinent documents relating to that [bankruptcy] petition is annexed hereto as an Exhibit. The debtor in possession has advised me that it wished to continue the proceedings in this court on the Plaintiffs' claims that are asserted in this action and I, Kenneth McCulloch, have been requested to continue as counsel for that purpose."

While Plaintiff's attorney skillfully parsed words to avoid an outright false representation, the fact remains that the 'pertinent documents' submitted as exhibits were utterly irrelevant to his assertions. Thus, after a year of potentially wasted judicial resources, the Court now demands explicit documentation to ensure that it does not violate the well settled, if not universal, principle that acts taken in violation of an automatic bankruptcy stay are void and of null effect, Kalb v. Feurstein, 308 U.S. 433, 60 S.Ct. 343 (1940). Failure to comply with this Order shall summarily result in dismissal of motions filed after Plaintiff's bankruptcy filing and a stay of the case. All deadlines set forth herein are **final** and **fatal**.

**Date: March 13, 2001**

P \PeachOrders\98-1306_osc wpd

*/s/ Daniel R. Dominguez*
**DANIEL R. DOMINGUEZ**
**U.S. DISTRICT JUDGE**