## UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO
## BEFORE HONORABLE DANIEL R. DOMINGUEZ

| | |
|---|---|
| **MINUTES OF PROCEEDINGS** | DATE: August 6, 2002 |
| **CIVIL NO. 98-1306 (DRD)** | START:   5:00 PM |
| LAW CLERK: Ronald D. Swanson-Cerna, Esq. | END:      5:35 PM |

---

| | |
|---|---|
| GRAHAM FIELD, INC., et. al.<br>    Plaintiffs, | Attorney:<br>Kenneth McCULLOCH, Esq. |
| v. | |
| TUFFCARE, INC.<br>    Defendant. | Ignacio FERNANDEZ, Esq. |

---

A STATUS CONFERENCE was held today via teleconference for the convenience of counsel for both parties (Plaintiffs' counsel in New York and Defendant's counsel in Miami). The parties advised the Court as to the status of the case. The Court <u>ordered</u> the following:

1)   Defendants are ordered to fully produce all documents requested to date by Plaintiffs within fifteen (15) days from today. Plaintiff is to fax a related proposed order specifically describing the documents required and suggesting a reasonable sanction per day should Defendants not comply with this order.

2)   The Pretrial Conference initially scheduled for September 3, 2002, is continued to **September 17, 2002, at 2:00 PM**. The Court is concerned with Defendants' repeated disregard of the Court's orders; the repeated delays have become troublesome. The parties should know that the Court may or may not move the original trial date of October 3rd forward to commence during the week of September 23, 2002, should settlement not be reached. The parties are to be prepared to try this case *immediately* upon culmination of Mr. Fernandez's case in Miami.

3)   The Court was of the original impression that sales to competitors at disparate sales prices from sales prices to wholly owned subsidiaries may have been indicative of a potential violation to the Robinson-Patman Act. The Court's original intuition is wrong. Sales to a wholly owned subsidiary are not sales covered by Robinson-Patman. Caribe BMW v. Bayerische Motoren Werke, 19 F.3d 745, 750-51 (1st Cir. 1994) (then Chief Judge Breyer interpreting Copperworld Corp. v. Independence Tube Corp., 467 U.S. 752 (1967)); *see also*: Stephen Calkins, *Copperweld in the Courts: The Road to Caribe*, 63 Antitrust L.J. 345, 346 (1995). Plaintiffs have advised the Court, however, that the alleged promised sales at disparate prices are not to a wholly owned subsidiary of the principal.

4)    The parties are to note that **NO EXTENSIONS** for the above Court imposed deadlines shall be granted; all deadlines are **FINAL** and **FATAL**.  The Parties are *strongly* encouraged to explore settlement as discovery finalizes.

5)    These Minutes are to be faxed to all counsel.

s/c: Counsel of record

RDSC\Cases\1998-1306\Minutes- Status doc

DANIEL R. DOMINGUEZ
DISTRICT JUDGE