UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

GRAHAM-FIELD, INC., et al.,
Plaintiffs,

v.                                                      CIVIL CASE NO: 98-1306 (DRD)

TUFFCARE, INC.
Defendant.

## ORDER

Pending before the Court are various motions pertaining to discovery matters, a proposed amended complaint, and Defendant's motion to dismiss.[1] The Court begins by addressing Plaintiff's Motion to Amend the Complaint, to Preclude Defenses, and For Other Relief (Docket No. 131).

Plaintiff's Motion to Amend the Complaint, to Preclude Defenses, and For Other Relief (Docket No. 131) was filed with the Court on August 22, 2002, four days before Defendant's motion for dismissal (Docket No. 132). The Court has carefully reviewed Plaintiff's motion and supplemental arguments, as well as Defendant's opposition and other supplemental arguments.

Pursuant to F.R.Civ.P. 15(a), a party must request leave from the Court to amend the complaint or obtain the written consent of the adverse parties if an answer has been filed in the case. As an answer has been filed, and consent has not been obtained, Plaintiff is just in seeking leave of the Court to file an Second Amended Complaint. With regard to this issue, the Court is mindful that "leave shall be freely given when justice so requires." F.R.Civ.P. 15(a).

The Court is unconvinced that Plaintiff's request to amend the complaint is an attempt to circumvent the Defendant's motion to dismiss. It appears from the record that certain facts have arisen throughout discovery which have made clear that Tuffcare, Inc., the original plaintiff in this case, does not in fact exist and does not have a subsidiary named Medex. Plaintiff's need to amend the complaint simply reflects that new, material information was obtained through discovery which was not discovered earlier, through at least partial fault of Defendant. Defendant litigated this case for nearly four years before indicating that Tuffcare, Inc. was not the correct entity involved and then moving this Court on September 13, 2002 for the substitution of

---

[1] For housekeeping purposes, this Order disposes of the following: Docket Nos. 131, 132, 137, 140, 142, 149, and 150.

Tuffcare, Inc. for that of E 1 Enterprises (Docket No. 142).

Plaintiff does change more than the named entities in the case as substantive changes have been made, specifically to Count 2; however, the Court understands that these changes are a result of the evidence pertaining to the correct entities in the case, and their relation to other purchases of "Tuffcare, Inc." products. The deposition of Mr. Chang regarding the structure of Medex and Tuffcare, Inc. sets forth facts, previously undiscovered, which should be permitted to be reflected in the complaint in order to ensure substantial fairness. The Court has reviewed the proposed Second Amended Complaint attached to Docket No. 152 as exhibit 2 and finds no reason to prohibit the filing of a second amended complaint. The Court hereby **GRANTS** Plaintiff's Motion to Amend the Complaint, to Preclude Defenses, and For Other Relief (Docket No. 131). Plaintiff shall file within **ten (10) days** of the filing of this Order, the Second Amended Complaint.

As the Plaintiff's Motion to Amend the Complaint, to Preclude Defenses, and For Other Relief (Docket No. 131) has been granted, Defendant's motion to dismiss (Docket No. 132) is **MOOT** and Defendant's motion to substitute the party (Docket No. 142) is **MOOT**. If necessary and appropriate in regard to the Second Amended Complaint, Defendant may re-file said motions.

Turning to discovery matters, pending before the Court is Plaintiff's Memo in Support of Their Motion Requesting That The Court Fine Defendant $5,000 Per Day Starting 8/22/02 For Failure of Defendant to Comply With The Court's Order of 8/13/02 and For Other Relief (Docket No. 137). On August 13, 2002, the Court ordered Defendant to comply with discovery demands and produce certain documents by no later than August 21, 2002 (Docket No. 130). The Court forewarned that a $5,000 per day fine would be imposed for failure to comply with the Court's order and that no extensions would be granted. At the September 17, 2002 conference, the Court again ordered Defendant to produce said documents; with an understanding that said documents would be produced by September 20, 2002, and show cause within ten (10) days why fines should not be levied. Defendant filed on September 27, 2002, a motion for an extension of twenty (20) days to produce the documents and show cause (Docket No. 145). Defendant then produced the documents on October 3, 2002 (Docket No. 146), yet never filed any reply to the Court's Order to Show Cause. "Litigants have an unflagging duty to comply with clearly communicated case-management orders..." Rosario-Diaz v. Gonzalez, 140 F.3d 312, 315 (1st Cir. 1998). Furthermore, discovery orders and other court orders are enforceable under pain of sanction for unjustifiable violation. Corretjer Farinacci v. Picayo, 149 F.R.D. 435 (D.P.R. 1993). Defendant acknowledged the Court's order yet fails to account for failing to comply with said order.

The Court is disappointed in Defendant's repeated failure to comply with the Court's orders and unfortunately finds it necessary to reveal to Defendant that **THE COURT'S ORDERS ARE NOT TO BE TAKEN LIGHTLY**. The Court cannot and will not accept such nonfeasance.

Nonetheless, the Court has granted Plaintiff's request to file an amended complaint and the sting of prejudice caused by Defendant's actions has now been substantially weakened. More than enough time will now be available to utilize the disputed discovery which Defendant has now provided. Rather than impose sanctions totaling $210,000, the Court shall provide Plaintiff an opportunity to explain why sanctions greater than $10,000 should be imposed. Accordingly, Plaintiff is hereby **ORDERED TO SHOW CAUSE** within **ten (10) days** why sanctions in an amount greater than $10,000 should be imposed on Defendant for failing to comply with the Court's discovery orders and specifically the Court's previous order to show cause issued on August 13, 2002. Plaintiff is forewarned that **ABSOLUTELY NO EXTENSIONS SHALL BE GRANTED**, and failure to comply with this Order to Show Cause will preclude the imposition of additional sanctions. As a result, the Plaintiff's Memo in Support of Their Motion Requesting That The Court Fine Defendant $5,000 Per Day Starting 8/22/02 For Failure of Defendant to Comply With The Court's Order of 8/13/02 and For Other Relief (Docket No. 137) is **DENIED**.

Defendant's Motion to Compel Production, Inspection and Copying of Documents (Docket No. 150) was filed on October 16, 2002. Defendant seeks the production of certain documents, believed to be relevant to the case and in Plaintiff's possession; however, Defendant has failed to even allege that they contacted or attempted to contact Plaintiff regarding this issue, let alone have a conference. Because Defendant has not supported said motion with the critical steps mandated by Local Rule 311.11 and the Initial Scheduling Memorandum, Defendant's Motion to Compel Production, Inspection and Copying of Documents (Docket No. 150) is **DENIED**. The parties are notified that they should continue to work together to settle all discovery issues and that court filings should only be used as a last resort.

Defendant's Motion Requesting a Stay on Further Discovery Proceedings Against Defendant (Docket No. 149) is **DENIED**. The Court finds no reason to stay discovery proceedings. In fact, the Court urges the parties to work toward completing the discovery process. The Court is hopeful that the attempt to clean the docket and organize the pending claims shall provide the impetus for the completion of the discovery process and a proximate trial date.

As for the last remaining issue, Counsel for Defendant filed on August 8, 2002 a Motion for Leave of Court to Withdraw as Counsel (Docket No. 128). Counsel was concerned that insufficient time was available for him to become fully prepared for trial, fast approaching conferences, and other items required to adequately represent Defendant. Counsel also indicated that the relationship with the Defendant may also be hindering said representation. The Court is aware that several of the impending deadlines and concerns of counsel have subsequently been postponed. At this time, the Court is unaware of counsel's intentions to withdraw.

"The grant or denial of an attorney's motion to withdraw in a civil case is a matter addressed to the discretion of the trial court and will be reversed only when the trial court has abused its discretion." *See* Andrews v. Bechtel Power Corp., 780 F.2d 124, 135 (1st Cir. 1985) *quoting* Washington v. Sherwin Real Estate, Inc., 694 F.2d 1081, 1087 (7th Cir. 1982). "In

deciding whether to allow counsel to withdraw from a case, it is incumbent upon the trial court to ensure that the withdrawal of counsel does not unduly prejudice the parties involved, as well as the management and administration of the case." Reed v. Seguros Triple-S, Inc., 1997 WL 711371, *1 (D.P.R. 1997). A factor to consider in determining the prejudice to the administration of the case is "the harm withdrawal might cause to the administration of justice." Brown v. Hyster Company, 1994 WL102008, *1 (E.D. Pa. 1994). The Court is primarily concerned that "counsel's withdrawal at this stage will disrupt the proceedings." Vachula v. General Electric Capital Corporation, 199 F.R.D. 454, 458 (D.Conn. 2000).[2]

Defendant shall, within **ten (10) days** of the filing of this Order, indicate whether counsel for the Defendant continues to seek withdrawal and whether a substitute counsel has been obtained. If Defendant fails to respond, the Court shall assume that Mr. Ignacio Fernandez De Lahondgrais will continue to represent Defendant. Defendant's Motion for Leave of Court to Withdraw as Counsel (Docket No. 128) is **DENIED**, but shall be reconsidered de novo upon further filing of the issue. The Court however, shall not permit an elongated delay in this case simply due to this matter.

Once Plaintiff has submitted the Second Amended Complaint, and served the additional parties (which is to be done in a timely manner), Plaintiff should petition the Court for the scheduling of a status conference to discuss any pending discovery issues, and to schedule a pre-trial conference and trial date.

**IT IS SO ORDERED.**

February /ð/, 2003.

**DANIEL R. DOMINGUEZ**
U.S. District Judge

s/c: to be notified by fax and phone.

---

[2]Where an attorney moves to withdraw on the eve of trial or when a case is ready for trial, the courts generally deny such a motion. See Vachula, 199 F.R.D. at 458; Malarkey v. Texaco, Inc., 1989 WL 88970, *2 (S.D.N.Y. 1989).