UNITED STATES COURT FOR THE DISTRICT OF PUERTO RICO
BEFORE HONORABLE DANIEL R. DOMINGUEZ

**MINUTES OF PROCEEDINGS**　　　　　　　　　　DATE: April 29, 2003
**CIVIL NO. 98-1306 (DRD)**
LAW CLERK: Seth A. Erbe

===============================================================================

| **GRAHAM-FIELD, INC., et al,** | Attorneys: | Kenneth McCulloch |
|---|---|---|
| Plaintiffs, | | |
| v. | | |
| **E 1 ENTERPRISES, INC., et al.,** | | Ignacio Fernandez de Lahongrais |
| Defendants. | | |

===============================================================================

A Status Conference was held today. It began at 9:20 a.m. and ended at 10:10a.m. The parties advised the Court as to the status of the case as well as the pending matters for the Court's determination.

First, the Court addressed possible settlement negotiations. In order to reasonably measure damages, Plaintiff was advised to carefully examine their corporate income tax returns before the damages as to the diminishment/termination in question under local Law 75. The Court also discussed the need for renewed professionalism amongst the attorneys in this case. Both counsel were warned that personal vendettas should not play a role in the representation of their clients or the procedures before this Court.

Next, the Court considered the consolidation of this case with the case presently before Judge Fuste. Defendant voiced the concern that the cases should not be consolidated. Counsel posits that the Court should vacate the second amended complaint and instead, utilize the amended complaint in this case. The Court noted the Defendant's position and indicated that Defendant's motion for reconsideration would be duly considered. Defendant shall not file any dispositive motions until the pending matters have been addressed and preliminary discussions regarding settlement possibilities have begun.

The parties also addressed the potential service of process dispute regarding Defendant E 1 Enterprises and the Second Amended Complaint. Defendant assured Plaintiff that no dispute had arisen and that Defendant would not challenge the fact that E 1 Enterprises was properly before the Court.

After addressing these matter, the Court set the following deadlines:

1) Defendant is to notify Plaintiff, by **May 30, 2003,** of any and all expert witnesses to be used at trial. Defendant is also to provide by said date all Rule 26 disclosures, except for the expert's report.

2) Defendant is to provide by **June 30, 2003** any and all expert reports.

3)   A Settlement/Status Conference will be held on **June 26, 2003 at 9:00 a.m.**

NO EXTENSIONS SHALL BE GRANTED.

Should no settlement be reached, the Court shall proceed to set this case for trial after allowing a reasonable, but short, time for the filing of dispositive motions. (The amended complaint mooted the original motion to dismiss).

The Court notes that this case may be considered for mandatory mediation pursuant to Local Rule 334. The parties are ordered to open a professional dialogue so that this case may proceed expeditiously. The Court is hopeful that the culmination of the pending matters may increase the possibility of substantive settlement talks. Both parties are encouraged to frankly discuss settlement, for as both parties are fully aware, proceeding to trial can be both expensive and uncertain.[1]

**IT IS SO ORDERED.**

DANIEL R. DOMINGUEZ
U.S. DISTRICT JUDGE

s/c: Parties to be notified.

---

[1] Defendant requested a copy of the minutes from a September 2002 conference. After a thorough check of the file, the Court has determined that minutes from a conference in September do not exist and have not been docketed. The Court has no record of said conference; however, minutes have been docketed for an August 6, 2002 status conference. If interested, Defendant may obtain a copy minutes from the August 6, 2002 conference (Docket No. 129) directly from the Clerk of the Court.