RECEIVED AND FILED
2003 MAY 23 PM 4:26
CLERK'S OFFICE
SAN JUAN, PR

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

**GRAHAM-FIELD, INC., et al.,**
Plaintiffs,

v.                                                     CIVIL CASE NO: 98-1306 (DRD)

**TUFFCARE, INC.**
Defendant.

## ORDER

Pending before the Court is Defendant's Motion for Reconsideration (Docket No. 158) filed on February 20, 2003. Defendant requests reconsideration of the Court's February 11, 2003 order (Docket No. 153) which permitted Plaintiff's second amended complaint.

Defendant in essence requests that the Court strike the second amended complaint and permit this case to co-exist with the pending case before Judge Fuste, Civil No. 02-2555(JAF). Defendant presents two arguments: 1) Plaintiff has filed the second amended complaint before Judge Fuste; and 2) the proposed amended complaint was not presented prior to Defendant's motion to dismiss. Again, after considering Defendant's position, the Court is unconvinced that Defendant's proposed course of action is prudent. Furthermore, the Court's approach is reasonable and within the Court's discretion under F.R.Civ.P.15(a). The Court explains.

As the Court stated earlier, pursuant to F.R.Civ.P. 15(a), a party must request leave from the Court to amend the complaint or obtain the written consent of the adverse parties if an answer has been filed in the case. In considering leave to file an amended complaint under the circumstance of this case, as an answer has been filed, the Court is mindful that "leave shall be freely given when justice so requires." F.R.Civ.P. 15(a). Furthermore, the First Circuit has made clear that the Court enjoys broad discretion in ruling on motions to amend pleadings. See U.S. Inv. and Development Corp. v. Cruz, 780 F.2d 166, 167-68 (1st Cir. 1986); Johnson v. Holiday Inns, Inc., 595 F.2d 890, 896 (1st Cir. 1979). The Court finds neither of Defendant's two arguments sufficiently persuasive to establish that the second amended complaint should not be granted.

Turning to the first argument, Defendant believes that the fact the same complaint was filed with Judge Fuste necessarily prohibits this Court from accepting the second amended complaint in this case. The Court disagrees. It appears from the record that Plaintiff became apprehensive that this Court would not grant leave to file the second amended complaint, and rather than simply wait for this Court's ruling, Plaintiff filed a new suit utilizing the identical



174

complaint. While the Court agrees that two identical cases must not proceed before two different judges in the same district, the Court is unconvinced that the second amended complaint must be thrown by the wayside. Plaintiff has made clear the contentions and claims which are sought. It seems pointless to permit those claims to proceed before Judge Fuste and mandate that Plaintiff proceed before this Court under the terms of a previous complaint. This Court sees little reason why an identical complaint filed before another judge should prevent this Court from accepting an otherwise meritorious second amended complaint that should be litigated before this Court. This is especially true in light of the fact that the identical case may be easily dismissed as duplicitous. Likewise, it hardly seems necessary to pawn this case off on another district judge at this time when this Court may simply permit the amended complaint and proceed, and when this Court has had jurisdiction of this case for over four years.

Turning to Defendant's second argument, Defendant posits that the filing of the proposed second amended complaint after the motion to dismiss should prevent the Court from accepting said complaint. Ordinarily, the Court considers the timing of a motion to amend in relation to a motion to dismiss in order to establish the true intent of the Plaintiff. Whether or not the proposed second amended complaint was filed before or after the motion to dismiss is not determinative and does not require the Court to deny the request to amend. The timing is merely a factor the Court often considers in exercising its discretion. Here, the Court was, and continues to be, sufficiently satisfied with the fact that Plaintiff requested leave to file a second amended complaint prior to the filing of the motion to dismiss. Furthermore, regardless of this fact, the Court continues to be believe that discovery in this case has manifest the need for the second amended complaint due to Plaintiff's understanding of the structure of various relationships. If Plaintiff has erroneously presented this structure in the second amended complaint, Defendants shall be afforded a reasonable opportunity to again move to dismiss this case. The Court is baffled by Defendant's desire to lach onto the "single seller" allegation. If Plaintiff foregoes this argument, Defendant has lost nothing. If Plaintiff's second amended complaint fails to state a claim or leaves no question of fact, then Defendant may apprize the Court via motion to dismiss or summary judgment.

The Court in its discretion has granted leave to file the second amended complaint. Seeing no reason why the Court's discretion has been improperly exercised, the Court hereby **DENIES** Defendant's Motion for Reconsideration (Docket No. 158). Two duplicitous complaints exist at this time, in Civil No. 02-2555(JAF) and the instant case; however, consolidation is not warranted. This order shall be notified to Judge Fuste, upon filing, so that he may take, at his discretion, the appropriate measures.

**IT IS SO ORDERED.**

Date: May 23, 2003.

DANIEL R. DOMINGUEZ
U.S. District Judge

s/c: to be notified.