UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

GRAHAM-FIELD, INC., et al.,
Plaintiffs,

v.                                              CIVIL CASE NO: 98-1306 (DRD)

TUFFCARE, INC.
Defendant.

### ORDER

The Court at the June 26, 2003 Status Conference (Docket No. 178), referred this case to mediation and provided Defendant five (5) days to file any opposition/reply. Defendant's initial position was not to object to the mediation nor to the Court's mediator selection, Guillermo A. Nigaglioni, Esq. Defendant has filed no such opposition.

Pursuant to Local Rule 344.4(A) "The parties must, within ten (10) days of the date of the Court's notice of referral to mediation, notify the Court of the name of the person selected by the parties to serve as mediator and file a written agreement with the selected mediator." This period has passed and the parties have not provided a mediator.

Pursuant to Local Rule 344.4(B), "If the parties fail to agree to a mediator within the ten (10) day time period or fail to notify the Court within the ten (10) day time period, the Court will select a mediator from the approved list maintained by the Court." The Court hereby selects Attorney Guillermo A. Nigaglioni, a mediator recognized for his expertise in this area of the law.

A preliminary mediation conference shall be scheduled with the parties, the mediator, and the Court on **August 14, 2003 at 5:00 P.M.** This order shall be notified to Attorney Guillermo A. Nigaglioni. Attached is copy of the June 26, 2003 Status Conference for Attorney Guillermo A. Nigaglioni's review.

IT IS SO ORDERED.

Date: July /5, 2003.

DANIEL R. DOMINGUEZ
U.S. District Judge

s/c: Parties and Attorney Guillermo A. Nigaglioni to be notified.

s/cs:to ( )
attys/pts
in ICMS
& Nigaglioni w/copy of Dkt # 178

Page 1 of 1

JUL 17 2003

UNITED STATES COURT FOR THE DISTRICT OF PUERTO RICO
BEFORE HONORABLE DANIEL R. DOMINGUEZ

| | |
|---|---|
| **MINUTES OF PROCEEDINGS** | DATE: June 26, 2003 |
| **CIVIL NO. 98-1306 (DRD)** | |
| LAW CLERK: Seth A. Erbe | |

| | | |
|---|---|---|
| **GRAHAM-FIELD, INC., et al,** Plaintiffs, | Attorneys: | Kenneth McCulloch |
| v. | | |
| **E 1 ENTERPRISES, INC., et al.,** Defendants. | | Ignacio Fernandez de Lahongrais |

A Status Conference was held today. It began at 10:35 a.m. and ended at 11:25 a.m. The parties advised the Court as to the status of the case as well as the pending matters for the Court's determination. The Court's rulings are as follows:

1) Defendant shall, within five (5) days, answer Plaintiff's request for mediation pursuant to Local Rule 334.

2) Defendant is granted fifteen (15) days to identify an economic expert and produce all Rule 26 materials, including the expert report. The Court will grant no further extensions regarding this matter. Failure to comply will result in the exclusion of said expert.

3) The parties are granted thirty (30) days from the date of this conference to depose the respective expert witnesses.

4) Defendant is granted ten (10) days to answer the Second Amended Complaint.

5) The parties are granted ten (10) days to complete any outstanding discovery.

The parties are further advised to carefully follow the Court's orders regarding discovery disputes. Namely, the parties are to attempt to resolve the issue by exchanging correspondence in compliance with Rule 311.14. The parties shall then schedule and meet for a teleconference. If the dispute still lies, the parties are to phone the law clerk for Judge Dominguez, Seth Erbe at (787)-772-3163; Mr. Erbe will either locate the judge immediately or schedule a phone conference with the Judge within five (5) days. The Court shall hold a phone conference to discuss the discovery conflicts, and a minute order shall be issued if the matter can be solved. If not, then the Court shall request the parties to file a motion. If the parties do not hear from the court by the end of the fifth (5) business day, they may then file a related motion if they believe it is still warranted. Failure to comply with this order may result in the Court levying appropriate sanctions.

Plaintiff has indicated his interest in pursuing the Second Amended Complaint's claims

against the individual defendants. The Court notes that a subsequent voluntary dismissal against said individual Defendants would force the Court to re-examine the utility of the Second Amended Complaint; however, at this point in time, such an examination is not necessary.

With regards to the possibility of proceeding to mediation, the Court notes that mediation can be a useful tool in reaching a successful end to litigation. The parties are advised to consider the terms of Local Rule 334 and the approved list of mediators currently on file. The Court suggests that Attorney Guillermo Nigaglioni would be an excellent choice for this particular case since he is an A.B.A. qualified arbitrator/mediator selected in commercial claims under Puerto Rican law. The Court recognizes Attorney Nigaglioni's expertise in Law 75 matters. The Court notes that mediation pursuant to Local Rule 334 is mandatory as the Court has established a mediation rule following the criteria set forth in In Re Atlantic Pipe Corp., 304 F.3d 135 (1st Cir. 2002). Notwithstanding that mediation may be imposed by the Court at its discretion within the bounds set forth in Local Rule 334, the suggestions within mediation are non-binding. Upon Defendant's answer for mediation, the Court shall then determine whether this case shall proceed to mediation pursuant to Rule 334.

**IT IS SO ORDERED.**

---
DANIEL R. DOMINGUEZ
U.S. DISTRICT JUDGE

s/c: Parties to be notified.

# UNITED STATES DISTRICT COURT for the DISTRICT OF PUERTO RICO



**FOR ATTORNEYS**

**LOCAL RULES**  |  LINKS  HOME



Telephone Directory
Chambers
Clerk's Office
Court Locations
Days and Hours of Operation
Court Facilities
Services Provided by the Clerk's Office
District Court Fees

Jury Service
Pro-Se Litigant Guide
Guia para Litigante Pro-Se
Pro-Se Forms
Formularios Pro-Se
Court and Community Contracting

Frequently Asked Questions
Local Rules
Proposed Local Rules
PACER Information
Court Forms
Post Judgement Interest Rates
Bar Admission
Court of Appeals
Taxation of Costs
CJA Panel
Standing Orders
CM/ECF
Courtroom Technology
Court-Annexed Mediation

## CHAPTER 300 - CIVIL CASES

### LOCAL RULE 334 - COURT ANNEXED MEDIATION

1. **Description.** Mediation is a non-binding process whereby parties and counsel meet with a neutral mediator trained to assist them in settling disputes. Although mediators have no power to render a decision or dictate a settlement, mediation is generally recognized as improving communication between disputing parties by assisting them to articulate their interests. Mediators also assist in identifying areas of agreement in order to generate options for a mutually agreeable resolution.

2. **Eligible cases.** All civil cases arising under the jurisdiction of the United States District Court for the District of Puerto Rico are eligible for mediation. A case may be selected for mediation:

   A. By the Court at its discretion;
   B. By the Court on the motion of one of the parties; or
   C. By the stipulation of all parties to a case.
   D. A party may object for good cause to Court ordered mediation by filing a written request for reconsideration, within ten (10) days after the Court has issued a mediation order. Mediation processes will be stayed pending a decision on the request for reconsideration unless otherwise ordered by the Court.

3. **List of Mediators.** The United States District Court for the District Court of Puerto Rico will establish a list of mediators. The list will be comprised of judicial officers, retired judges and attorneys who, based on their training or experience, are deemed to possess the qualities necessary to perform effectively as mediators. The Clerk of the Court will solicit and receive applications from individuals wishing to serve as mediators and the Chief Judge will designate a committee of judges to evaluate each candidate and determine which applicants may be included on the list.

4. Selection of Mediators.
   A. The Court will promptly notify the parties in writing when a case is referred to mediation. Once notice has been given, the parties will first be given an opportunity to select a mediator from the list maintained by the Court. The parties may select a mediator not on the Court approved list, provided the mediator signs a written agreement to be bound by these local rules. The parties must, within ten (10) days of the date of the Court's notice of referral to mediation, notify the Court of the name of the person selected by the parties to serve as mediator and file a written agreement with the selected mediator.
   B. If the parties fail to agree to a mediator within the ten (10) day time period or fail to notify the Court within the ten (10) day time period, the Court will select a mediator from the approved list maintained by the Court.
   C. If the Court selects the mediator, then it must identify all interested parties to the mediation and determine whether a mediator selected by the Court has any potential conflicts of interest.

5. Compensation of Mediators. A mediator will be compensated at a reasonable rate taking into consideration the qualifications of the mediator and the complexities of the issues in the case. The mediator's fee will be borne equally by the parties unless directed otherwise by the Court. The rate of compensation shall be agreed to in writing by the parties during the ten (10) day period parties are given to select a mediator as prescribed in subparagraph (4)(A). Should the parties fail to come to an agreement the Court shall set the level of fees.

6. Mediation Order. Once a mediator has been selected, the Court shall enter a mediation order. The order shall:
   A. Appoint a mediator;
   B. State the rate of compensation of the appointed mediator; and
   C. Establish a deadline for when mediation must be completed. The deadline shall not exceed six (6) months from the date of the order. Once mediation has commenced, the parties may request the Court for an extension of time beyond the deadline in order to complete the mediation process.

7. Scheduling Mediation. The mediator shall contact all attorneys to fix the date and place of the first mediation session. The first session must be held within thirty (30) days from the date the mediation order is entered. The mediation shall be held at the office of the mediator or at any other location mutually agreed to by the parties. At the completion of the first session, the mediator may schedule additional mediation sessions at a time and place agreed to by the parties.

8. Written Submissions to the Mediator. At least seven (7) days before the first mediation session, the parties must submit to the mediator:
   A. Copies of all relevant pleadings and motions; and
   B. A mediation statement not to exceed ten (10) pages doublespaced (not including

exhibits) outlining the key facts and legal issues in the case. The statement will also include each party's position regarding settlement. Mediation statements are not briefs and are not to be filed with the Court. Only the mediator shall have access to the statements.

9.  Mediation Session(s). Once the mediation order has been entered, all parties and their respective counsel must attend all mediation sessions and engage in a goodfaith effort to resolve the dispute as prescribed by subparagraph (10) of this Rule. If a party is a corporation, governmental institution or a minor, a representative of that party must be in attendance with binding authority to settle the matter.

    A.  Separate Caucuses. The mediator may hold separate, private caucuses with any party or counsel.

    B.  Expert Advice. The mediator may obtain expert advice concerning technical aspects of a dispute, provided all parties agree and assume the expenses of obtaining such assistance.

    C.  Conclusion of Mediation. Mediation shall conclude when:

        1.  A settlement is reached. If the parties reach an agreement, the mediator will prepare a written summary reflecting the agreement. The parties shall sign the agreement and file it with the court;

        2.  The mediator concludes and informs the Court that further efforts would not be useful; or

        3.  One of the parties requests the Court that mediation be terminated. The Court shall grant such a request upon a showing by the requesting party that it has participated in the mediation in good faith and that further sessions are not likely to result in settlement.

    D.  Participation in Mediation; Good Faith Requirement. In all cases designated by the Court for mediation, good faith participation shall be mandatory for all parties. The failure of any party to participate in good faith shall result in sanctions. In determining good faith participation, the Court will rely heavily on the recommendation of the mediator.

    E.  Confidentiality. All mediation proceedings conducted pursuant to this Rule shall remain confidential. All written and oral communications made by the parties and the mediator in connection with or during any mediation session are confidential and may not be disclosed for any purpose unrelated to the mediation process. The mediator shall not be called by any party as a witness in any court proceeding related to the subject matter of the mediation unless related to alleged misconduct of the mediator or with respect to the good faith requirement contained in subparagraph (10) of this Rule. No papers generated or produced by the mediation process will be included in Court files, nor shall the Judge or Magistrate Judge assigned to the case have access to them. Information about what transpires during mediation sessions will not at any time be made known to the Court, except

to the extent required to resolve issues of noncompliance with the mediation procedures. Nothing in this section shall be construed to prohibit parties from entering into a written agreement resolving some or all of the case or entering and filing with the Court any procedural or factual stipulations based on suggestions made or agreements reached as a result of the mediation process.

F. Oath and Disqualification of the Mediator.

A. Each individual certified as a mediator of the Court shall take the oath or affirmation prescribed by 28 U.S.C. §453.

B. Disqualification. No mediator shall serve in any matter in violation of the standards set forth in Section 455 of Title 28 of The United States Code. If a mediator is concerned that a circumstance covered by subparagraph (a) of that section might exist the mediator shall promptly disclose that circumstance in writing to all counsel to the dispute.

1. A party who believes that the mediator has a conflict of interest shall bring this concern to the attention of the Court in writing, and within ten days (10) of learning of the potential conflict or the objection shall be deemed waived.

2. A party who believes that the mediator has engaged in impermissible misconduct shall bring this concern to the attention of the Court in writing, and within ten (10) days of learning of the alleged misconduct or the objection shall be deemed waived.




# UNITED STATES DISTRICT COURT for the DISTRICT of PUERTO RICO



**FOR ATTORNEYS**

COURT-ANNEXED

**Court Annexed-Mediation - Mediators List**

- Telephone Directory
  - Chambers
  - Clerk's Office
- Court Locations
- Days and Hours of Operation
- Court Facilities
- Services Provided by the Clerk's Office
- District Court Fees
- Jury Service
- Pro-Se Litigant Guide
- Guía para Litigante Pro-Se
- Pro-Se Forms
- Formularios Pro-Se
- Court and Community Contracting
- Frequently Asked Questions
- Local Rules
- Proposed Local Rules
- PACER Information
- Court Forms
- Post Judgement Interest Rates
- Bar Admission
- Court of Appeals
- Taxation of Costs
- CJA Panel
- Standing Orders
- CM-ECF
- Courtroom Technology
- Court-Annexed Mediation

The following mediators have been approved by the Mediator Selectio

- Professor Eric D. Green
- Honorable A. David Mazzone, Senior Judge, District of Massac
- Dr. David M. Helfeld
- Honorable Marianne B. Bowler, Chief, U.S. Magistrate Judge, D Massachusetts
- Jacqueline N. Font-Guzmán, Esq.
- David C. Indiano, Esq.
- Francis Daniel Nina, Esq.
- Diego A. Ramos, Esq.
- Manuel A. Moreda, Esq.
- Ramón Coto-Ojeda, Esq.
- Radamés (Rudy) A. Torruella, Esq.
- Guillermo A. Nigaglioni, Esq.
- Juan Masini-Soler, Esq.
- Luis F. Negrón-García, Esq.
- Antonio J. Amadeo-Murga, Esq.
- Stuart A. Weinstein-Bacal, Esq.
- Luis F. Antonetti, Esq.

Design 4