UNITED STATES COURT FOR THE DISTRICT OF PUERTO RICO
BEFORE HONORABLE DANIEL R. DOMINGUEZ

| | |
|---|---|
| **MINUTES OF PROCEEDINGS** | DATE: August 14, 2003 |
| **CIVIL NO. 98-1306 (DRD)** | |
| LAW CLERK: Seth A. Erbe | |

| | | |
|---|---|---|
| **GRAHAM-FIELD, INC., et al,** Plaintiffs, | Attorneys: | Kenneth McCulloch |
| v. | | |
| **E 1 ENTERPRISES, INC., et al.,** Defendants. | | Ignacio Fernandez de Lahongrais |
| | Mediator: | Guillermo A. Nigaglioni |

A Mediation Conference was held today. It began at 5:30 p.m. and ended at 6:15 p.m. The Court introduced the parties to Certified Mediator Guillermo A. Nigaglioni. The parties were advised that Mr. Nigaglioni had reviewed the file and that no conflicts exist as set forth under 28 U.S.C. §455. Mr. Nigaglioni will provide a notarized statement that no conflicts exist. The Court also explained that Mr. Nigaglioni signed an oath of certified mediator pursuant to 28 U.S.C. §453 which is to be notified to the parties. Also to be notified to the parties is a Mediation Order entered this same date pursuant to Local Rule 334.6 which explains that Guillermo A. Nigaglioni has been formally appointed as a certified mediator in this case, his rate of pay is $225 per hour, and the mediation deadline is December 15, 2003.

In relation to the Mediation Order, the Court explained that the mediation has been estimated to require between fifty and sixty hours from Mr. Nigaglioni. A rough estimate puts the total monetary figure at approximately $12,000. The parties shall each pay a sum of $6,000 to the Court. Said payment must be made in the next fifteen (15) days. Each month Mr. Nigaglioni will provide the Court and the parties with an invoice utilizing the $225 per hour rate of compensation set by the Court. The parties have ten (10) days to object to the monthly invoice. If no objection is lodged, the Court will release the appropriate amount to Mr. Nigaglioni.

If at the end of mediation funds remain in the Court's account, the remaining amount will be split evenly between the parties. If the mediation has not been concluded and the account has been fully disbursed, the Court will notify the parties and require additional deposits in equal amounts.

The parties are advised that the deadline to complete mediation is **December 15, 2003.** The Court will consider modifying this deadline date if notified by the mediator that a settlement is close or further mediation would be fruitful. The Court makes perfectly clear that the case is effectively suspended "as is" until the termination of mediation.

Mr. Nigaglioni scheduled the first mediation meeting for **September 12, 2003 at 9:30**



**a.m.** in either the Court's conference room or jury room. These facilities will be available for conferences and caucuses throughout mediation unless the parties and mediator decide otherwise. After the first session was scheduled, the Court reminded the parties to strictly comply with Local Rule 334.8 which requires a written submission to the mediator at least seven (7) days before the first mediation session. The Court urged the parties to include a copy of their expert reports in said submission as Mr. Nigaglioni must consider both the legal contentions of the parties and the extent of damages actually suffered.

Mr. Nigaglioni cannot be called as a witness in this case and will not make any disclosures to the Court other than whether a settlement has been reach or not.

The Court is hopeful that mediation pursuant to Local Rule 334 will prove useful in helping the parties reach an amicable end to this case. The Court is optimistic that positive results will be yielded from this exercise and forewarns the parties that this case, if not resolved via mediation, must proceed to trial before March 31, 2004.

**IT IS SO ORDERED.**

_____
**DANIEL R. DOMINGUEZ**
**U.S. DISTRICT JUDGE**

s/c: Parties and Certified Mediator Guillermo A. Nigaglioni to be notified.