IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| GRAHAM-FIELD, INC. AND GRAHAM-FIELD EXPRESS (PUERTO RICO), INC.<br><br>Plaintiffs<br><br>v.<br><br>TUFFCARE, INCORPORATED<br><br>Defendant. | *<br>*<br>*<br>*  CIVIL NO. 98-1306 (DRD)<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* |

## ORDER

The court has received the Court Appointed Mediator's invoice for the months of July, August, and September 2003. Copy of the Court Appointed Mediator's invoice is attached to this order. Pursuant to the terms of the Mediation Order dated August 14, 2003, (Docket No. 186), the parties are granted ten (10) days to object thereto. Should no objection be timely filed the Clerk of Court shall proceed with the payment.

This order and the attachments thereto are to be notified via fax and phone to the attorneys of record.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 1 day of October 2003.

DANIEL R. DOMINGUEZ
U.S. DISTRICT JUDGE

1



**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| GRAHAM-FIELD, Inc., et al | |
| Plaintiff | |
| v | CIVIL CASE NO. 98-1306 (DRD) |
| TUFFCARE, INC. | |
| Defendant | |

## MOTION ACCOMPANYING MEDIATOR'S INVOICE

TO THE HONORABLE COURT:

COMES NOW the Court Appointed Mediator, Guillermo A. Nigaglioni, Esq., and respectfully states and prays:

1. Pursuant to the terms of the Mediation Order dated August 14, 2003, we are enclosing herewith Mediator's Invoice covering the months of July, August and September, 2003.

In San Juan, Puerto Rico, this 30th day of September, 2003.

CERTIFICATE OF MAILING: On this same date copy of the above was sent by regular mail to: Kenneth M. Culloch, Esq., 909 Third Avenue, Eighteenth Floor, New York, New York 10022 and Ignacio Fernández de Lahongrais, Esq., Capital Center Sur, Suite 202, 239 Arterial Hostos Ave., Hato Rey, Puerto Rico 00918-1475.

GUILLERMO A. NIGAGLIONI
USDC No. 1102
PO Box 16653
San Juan, Puerto Rico 00908-6653
Tel. (787) 723-7240-FAX (787) 721-7713

# STATEMENT

San Juan, Puerto Rico

September 30, 2003

United States District Court
for the District of Puerto Rico
Attention: Hon. Judge Daniel Domínguez
San Juan, Puerto Rico

TO:
GUILLERMO A. NIGAGLIONI
Attorney-At-Law
PO Box 16653
San Juan, Puerto Rico 00908-6653

---

For professional services rendered during the months of July, August and September, 2003 as Mediator in Civil Case 98-1306 (DRD), **_Graham-Field, Inc., et al v E-1 Enteprises, Inc._**, United States District Court for the District of Puerto Rico, as per Mediation Order dated August 14, 2003.

| | |
|---|---|
| 31.50 hours at $225.00 | $    7,087.5o |

**Please issue check
to the order of
Guillermo A. Nigaglioni**



FEDERAL COURT
Graham-Field Inc. v Tuffcare, Inc.

## STATEMENT OF HOURS

7-2-03

FAX/F Federal Court Minutes of Proceedings                                  1/2


7-17-03

Order rec'd regarding Mediators, setting meeting for                        1/4
August 14, 2003 at 5:00 P.M.


7-31-03

Examination of docket and case files at Judge
Domínguez's Conference Room                                          3      1/2

FEDERAL COURT
GRAHAM FIELD v Tuffcare, Inc.

STATEMENT OF HOURS

8-14-03

| Meeting w/Judge Dominguez; Atty. McCulloch and Atty Fernández de Lahongrais | 2 | |

8-19-03

| Prepare and file Mediator's Affidavit | 1 | |

8-20-03

| Minutes of Proceedings rec'd and Mediation Order | | 1/2 |

8-21-03

| Review copy of letter and various documents sent to Atty. Fernández de Lahongrais sent by Atty. Kenneth McCullough | 1 | 1/2 |

FEDERAL COURT
Graham Field v Tuffcare, Inc.

## STATEMENT OF HOURS

9-3-03

| | | |
|---|---|---|
| Motion to Deposit Mediator's Fees filed by Tuffcare | | 1/4 |

9-5-03

| | | |
|---|---|---|
| L/F Mr. McCulloch w/Expert Witness Report by Mr. Donald Kevane | 1 | 1/2 |

9-5-03

| | | |
|---|---|---|
| Statement of Facts rec'd from Atty. Fernández de Lahongrais by fax and studied | 1 | 1/2 |

9-8-03

| | |
|---|---|
| FAX/F Atty. Fernández de Lahongrais w/Memorandum of Law-Law 75; Mediator's File (3 volumes) received from Mr. Fernández de Lahongrais. Review the various documents submitted therein, including Memorandum of Law under Robinson-Putman Act | 6 |

9-9-03

| | |
|---|---|
| L/F Atty. Fernández de Lahongrais w/various amendments to Statement of Facts and Memorandum of Law sent by FAX | 1/4 |

9-9-03

| | |
|---|---|
| Memorandum of Law rec'd from Mr. McCulloch with Statement of Facts and Exhibits | 1 |

| Date | Description | | |
|---|---|---|---|
| 9-10-03 | Review of Plaintiffs' docum,ents and of Tuffcare's Reply to Plaintiffs Statement of Facts filed by E-1 Enterprises, Inc. d/b/a Tuffcare | 5 | 1/2 |
| 9-12-03 | Prepare for and hold meeting w/Attys. McCulloch and Fernández Lahongaris | 3 | |
| 9-15-03 | L/T Atty. McCulloch and Atty. Fernández de Lahongrais | 1 | |
| 9-19-03 | Study copy of L/T Atty. Fernández w/copy of documents sent by Atty. McCulloch | | 1/4 |
| 9-22-03 | Copy of L/F Atty. Fernández de Lahongrais to Atty, McCulloch | | 1/4 |
| 9-23-03 | L/F Atty. Fernández de Lahongrais | | 1/2 |
| 9-26-03 | L/F Mr. McCulloch with copy of portions of Mr. Guzmán's Deposition, Order from Delaware Bankruptcy Court, Chronology of Events and other exhibits | 1 | |
| 9-29-03 | T/F Mr. McCulloch; T/T Mr. Fernández de Lahograis' office | | 1/4 |

UNITED STATES COURT FOR THE DISTRICT OF PUERTO RICO
BEFORE HONORABLE DANIEL R. DOMINGUEZ

**MINUTES OF PROCEEDINGS**          DATE: August 14, 2003
CIVIL NO. 98-1306 (DRD)
LAW CLERK: Seth A. Erbe

| | | |
|---|---|---|
| GRAHAM-FIELD, INC., et al, Plaintiffs, v. | Attorneys: | Kenneth McCulloch |
| E 1 ENTERPRISES, INC., et al., Defendants. | | Ignacio Fernandez de Lahongrais |
| | Mediator: | Guillermo A. Nigaglioni |

    A Mediation Conference was held today. It began at 5:30 p.m. and ended at 6:15 p.m. The Court introduced the parties to Certified Mediator Guillermo A. Nigaglioni. The parties were advised that Mr. Nigaglioni had reviewed the file and that no conflicts exist as set forth under 28 U.S.C. §455. Mr. Nigaglioni will provide a notarized statement that no conflicts exist. The Court also explained that Mr. Nigaglioni signed an oath of certified mediator pursuant to 28 U.S.C. §453 which is to be notified to the parties. Also to be notified to the parties is a Mediation Order entered this same date pursuant to Local Rule 334.6 which explains that Guillermo A. Nigaglioni has been formally appointed as a certified mediator in this case, his rate of pay is $225 per hour, and the mediation deadline is December 15, 2003.

    In relation to the Mediation Order, the Court explained that the mediation has been estimated to require between fifty and sixty hours from Mr. Nigaglioni. A rough estimate puts the total monetary figure at approximately $12,000. The parties shall each pay a sum of $6,000 to the Court. Said payment must be made in the next fifteen (15) days. Each month Mr. Nigaglioni will provide the Court and the parties with an invoice utilizing the $225 per hour rate of compensation set by the Court. The parties have ten (10) days to object to the monthly invoice. If no objection is lodged, the Court will release the appropriate amount to Mr. Nigaglioni.

    If at the end of mediation funds remain in the Court's account, the remaining amount will be split evenly between the parties. If the mediation has not been concluded and the account has been fully disbursed, the Court will notify the parties and require additional deposits in equal amounts.

    The parties are advised that the deadline to complete mediation is **December 15, 2003.** The Court will consider modifying this deadline date if notified by the mediator that a settlement is close or further mediation would be fruitful. The Court makes perfectly clear that the case is effectively suspended "as is" until the termination of mediation.

    Mr. Nigaglioni scheduled the first mediation meeting for **September 12, 2003 at 9:30**




a.m. in either the Court's conference room or jury room. These facilities will be available for conferences and caucuses throughout mediation unless the parties and mediator decide otherwise. After the first session was scheduled, the Court reminded the parties to strictly comply with Local Rule 334.8 which requires a written submission to the mediator at least seven (7) days before the first mediation session. The Court urged the parties to include a copy of their expert reports in said submission as Mr. Nigaglioni must consider both the legal contentions of the parties and the extent of damages actually suffered.

Mr. Nigaglioni cannot be called as a witness in this case and will not make any disclosures to the Court other than whether a settlement has been reach or not.

The Court is hopeful that mediation pursuant to Local Rule 334 will prove useful in helping the parties reach an amicable end to this case. The Court is optimistic that positive results will be yielded from this exercise and forewarns the parties that this case, if not resolved via mediation, must proceed to trial before March 31, 2004.

**IT IS SO ORDERED.**

DANIEL R. DOMINGUEZ
U.S. DISTRICT JUDGE

s/c: Parties and Certified Mediator Guillermo A. Nigaglioni to be notified.

Page -2-