UNITED STATES COURT FOR THE DISTRICT OF PUERTO RICO
BEFORE HONORABLE DANIEL R. DOMINGUEZ

**MINUTES OF PROCEEDINGS**                           DATE: February 19, 2004
**CIVIL NO. 98-1306 (DRD)**
LAW CLERK: José A. Figueroa Santaella

---

| | | |
|---|---|---|
| **GRAHAM-FIELD, INC., et al.** | Attorneys: | **Kenneth McCulloch** |
| Plaintiffs, | | |
| v. | | |
| **TUFFCARE, INC.** | | **Ignacio Fernández de Lahongrais** |
| Defendants. | | |
| | Appointed Mediator: | **Guillermo A. Nigaglioni** |

---

A Status Conference was held today. It began at 2:30 p.m. and ended at 3:00 p.m. The parties advised the Court as to the status of the case. At the outset, the Court addressed the parties as to the "core proceeding" concern raised *sua sponte* by the Court in its Order issued on the 9th day of January of 2004, (Docket No. 211). The Court informed that pursuant to the doctrine set forth in Northern Pipeline Const. Co. v. Marathon Pipe Line Co., 458 U.S. 50, 102 S.Ct. 2858 (1982) and In re Arnold Print Works, Inc. v. Apkin, 815 F.2d 165 (1st Cir. 1987) this Court has jurisdiction to decide the matter since the claims arised from contractual causes of action that developed prior to the bankruptcy procedures.

Counsel for Defendants brought to the Court's attention his request to increase the Chapter 7 Trustees's Non-resident bond which was argued in his *Motion Requesting that the Chapter 7 Trustee Non-resident Bond Pursuant to Local Rule 304.* (Docket No. 239). The Court expressed its reluctancy to increase the bond pursuant to the doctrine set forth in Murphy v. Ginorio, 989 F.2d 566 (1993), and Aggarwal v. Ponce School of Medicine, 745 F.2d 723 (1984). An increase to $1,000.00 is authorized pursuant to the new rule regarding non-resident bonds.

The Court strongly encouraged the parties to further proceed with settlement attempts in order to achieve a settlement. The Court Certified Appointed Mediator stated that both parties, as of this time, are in a position to reach a settlement without need of further mediation. Hence, Mr. Nigaglioni was excused from the Conference. The Court was assured by both parties that they have already deposited with the Court all monies necessary to pay the mediator's fees as to which the Court will issue an order to the Clerk of the Court for the payment of the December 2003 invoice outstanding balance.

As outstanding matters both parties addressed certain discovery issues, specifically Motions

Docketed 216, 227, 235 and 238. The parties agreed to meet on the **23rd day of February 2004 at 3:00 p.m.** to provide each other the pending discovery matters. Therefore, the Motions Docket Nos. 216, 227, 235 and 238 are **MOOT**. Further, counsel for Co-defendants requested the Court to **SEAL** attachments to Motion Docket No. 227 filed by Plaintiffs. The Court **GRANTS** this request and shall issue the corresponding Order.

**IT IS SO ORDERED**

**DANIEL R. DOMINGUEZ**
**U.S. DISTRICT JUDGE**

parties to be notified via fax