UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**GRAHAM-FIELD, INC., et al.**
    **Plaintiffs,**

                                                                                     **CIVIL NO. 98-1306 (DRD)**

v.

**TUFFCARE, INC.**
    **Defendants.**

## ORDER

Pending before the Court are Docket Nos. 199, 214-217, 224-229 and 234-240. The Court rules as follows:

| Docket # | Date: | Ruling | Title |
|---|---|---|---|
| 199 | 12/15/03 | MOOT | Motion to Dismiss for Lack of Standing |

Defendant, E 1 Enterprises requests that the instant case be dismissed due to Plaintiffs lack of standing to continue to prosecute their claims. Co-defendants sustains that since the Plaintiffs were granted a Chapter 11 to a Chapter 7 conversion, the Chapter 7 Trustee is the only person with standing to prosecute the claim. The Court agrees that pursuant to the doctrine set forth in Northern Pipeline Const. Co. v. Marathon Pipe Line Co., 458 U.S. 50, 102 S.Ct. 2858 (1982) and In re Arnold Print Works, Inc. v. Apkin, 815 F.2d 165 (1st Cir. 1987) this Court has jurisdiction to entertain the instant causes of action since the claims arises from contractual causes of action that developed prior to the bankruptcy procedures. Anyway, the Trustee has been substituted as to any potential remedy which may require his participation.

| 214 | 01/16/04 | DENIED | Motion for Taxation of Costs and Attorney's Fees Incurred during Mediation |
|---|---|---|---|

Defendant, E 1 Enterprises asserts that Plaintiffs deceived the Court during the mediation process since it represented to the Court that it had standing to mediate in the instant case. Further, Co-defendant affirms that the only person with standing to mediate was the Chapter 7 Trustee. Local Rule 83.12(f) imposes on the parties subject to mediation to participate in good faith otherwise sanctions shall be imposed. It is also stated that for the imposition of sanctions the Court will **"rely heavily on the recommendation of the mediator"**. At this time the Court does not have a recommendation from the Appointed Mediator as to the fact that Plaintiffs' participation in the mediation process mandates the imposition of sanctions. Without said recommendation the Court is barred to impose the requested sanctions. Anyway, the Trustee is now a party and the Court has no proof whatsoever that any party failed to engage in good faith negotiations. Further, judging from

the mediation statement that the parties can handle a settlement now on their own suggests tho the Court that they are not too separated.

| | | | |
|---|---|---|---|
| **215** | **01/16/04** | **GRANTED** | **Motion Requesting the Court to Order Plaintiffs to Inform Whether or Not They Will Continue to Pursue Their Claims Against the Individual Chang Defendants** |

Co-defendants' counsel requests from the Court to order Plaintiffs whether their claims against the Chang defendants and Tuffy Home Healthcare Products, Inc. will be pursued since they are named parties to the second amended complaint but at this time they have not been served. The Court hereby **GRANTS** Plaintiffs until the **28th day of February, 2004 at 5:00 p.m.** to inform the Court if these claims will be pursued. Further, if the aforementioned claims will be pursued against the Co-defendants named hereinbefore, the Court **GRANTS** until the **14th day of March 2004 at 5:00 p.m.** to serve said Co-defendants otherwise the Court will dismiss said claims for lack of prosecution.

| | | | |
|---|---|---|---|
| **216** | **01/16/04** | **MOOT** | **Plaintiffs' Motion to Compel Responses to Interrogatories and Production of Documents** |

Parties informed the Court at the Status Conference held on February 19, 2004, that they have agreed to meet on the 23rd day of February, 2004 at 3:00 p.m. and solve the pending discovery matters.

| | | | |
|---|---|---|---|
| **217** | **01/20/04** | **NOTED** | **Motion to Include Exhibit 1 to Motion for Taxation of Costs and Attorney's Fees Incurred During Mediation** |

| | | | |
|---|---|---|---|
| **224** | **01/23/04** | **NOTED-MOOT** | **Plaintiffs Response to Defendant's Motion to Dismiss for Lack of Standing, and Plaintiffs' Response to the Court Order Dated 01/09/04 (Docket No. 211) and Cross Motion to Substitute Chapter 7 Trustee as Plaintiff** |

| | | | |
|---|---|---|---|
| **225** | **01/23/04** | **GRANTED** | **Plaintiffs' Cross-Motion to Substitute Chapter 7 Trustee as Plaintiff in this Action** |

Notwithstanding, as to whether the Court has jurisdiction to decide the matter, see

Northern Pipeline Const. Co. v. Marathon Pipe Line Co., 458 U.S. 50, 102 S.Ct. 2858 (1982) and In re Arnold Print Works, Inc. v. Apkin, 815 F.2d 165 (1st Cir. 1987).

| | | | |
|---|---|---|---|
| 226 | 01/26/04 | MOOT | **Plaintiffs' Motion for a Two-Day Extension of Time to Respond to Defendant's Motions for Summary Judgment** |

Plaintiff's Opposition is already filed (Docket Nos. 230 & 231).

| | | | |
|---|---|---|---|
| 227 | 01/27/04 | NOTED-MOOT | **Informative Motion** |

The Court **ORDERS** the Clerk of the Court to **SEAL** all attachments in this Docket.

| | | | |
|---|---|---|---|
| 228 | 01/28/04 | MOOT | **Plaintiffs' Motion for a Two-Day Extension of Time to Respond to Defendant's Motions for Summary Judgment (1) Robinson-Patman and (2) Law 75** |

Plaintiff's Opposition has already been filed (Docket Nos. 230 & 231).

| | | | |
|---|---|---|---|
| 229 | 01/30/04 | NOTED-MOOT | **Defendants Brief Reply to Plaintiffs' Response to Motion to Dismiss for Lack of Standing** |

| | | | |
|---|---|---|---|
| 234 | 02/05/04 | NOTED | **Plaintiffs' Memorandum in Opposition to Defendants' Motion for Reconsideration of Court's Order (Docket No. 179)** |

| | | | |
|---|---|---|---|
| 235 | 02/05/04 | MOOT | **Plaintiffs' Motion Re-activating Docket No. 216 and Withdrawing Plaintiffs' Voluntary Suspension of Enforcement that is Set Forth in Docket No. 227** |

See Docket Nos. 216 and 227.

| | | | |
|---|---|---|---|
| 236 | 02/17/04 | NOTED | **Motion to Deposit Mediator's Fees** |

| 237 | 02/17/04 | DENIED | Motion for a Brief Extension of Time to Respond and Reply to Plaintiffs' Filing |

This is an overaged case with an enormous amount of documents. Numerous documentation and arguments have been previously filed on the record. The Court shall request from both parties additional memorandum as needed.

| 238 | 02/18/04 | MOOT | Motion to Compel Production, Inspection and Copying of Documents |

See Docket Nos. 216, 227 and 235.

| 239 | 02/18/04 | DENIED | Motion Requesting that the Chapter 7 Trustee Post a Non-Resident Bond Pursuant to Local Rule 304 |

The Court is not moved by Co-defendants arguments as to increase the amount to be posted as a bond by the Non-Resident Trustee since the Court may not impose said bond becoming a barrier to federal jurisdiction. See, Murphy v. Ginorio, 989 F.2d 566 (1993); Aggarwal v. Ponce School of Medicine, 745 F.2d 723 (1984). Further, an increase is authorized depending upon probability of success which the Court is not prepared to do at this late stage when trial is close. The bond is however increased to $1,000.00 as authorized by an amendment to the rule. Plaintiffs have **ten (10) days** from the date this order is notified to deposit the increase.

| 240 | 02/19/04 | MOOT | Defendant's Brief Reply to Plaintiff's Response to Motion to Dismiss for Lack of Standing and Plaintiffs Opposition to Taxation of Costs |

**IT IS SO ORDERED.**

Date: February 2̃, 2004.

DANIEL R. DOMINGUEZ
U.S. DISTRICT JUDGE

s/c: parties to be notified via fax.