THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| GRAHAM - FIELD, INC., et al<br><br>Plaintiffs<br><br>Vs<br><br>E1 Enterprises, Inc. et. al.,<br><br>Defendant | CIVIL NO. 98-1306 (DRD)<br>CIVIL ACTION |

**MOTION REQUESTING THE COURT TO RE-EXAMINE THE NEED FOR THE SECOND AMENDED COMPLAINT & REINSTATE DEFENDANT'S MOTION TO DISMISS COUNT II**

TO THE HONORABLE COURT:

COMES NOW defendant E1 ENTERPRISES d/b/a TUFFCARE ("E1"), represented by the undersigned attorney, and most respectfully STATES, ALLEGES and PRAYS:

This motion is filed pursuant to Docket Nos. 178, 215 & 243.

The Court noted in Docket No. 178, in light of plaintiffs' failure to effect service on the individual Chang defendants, "that a subsequent voluntary dismissal against said individual Defendants would force the Court to re-examine the utility of the Second Amended Complaint" in light of defendant's *Motion to Dismiss Count II.* (See: Docket Nos. 132 & 178.)

The Court had previously ruled that the *Motion to Dismiss Count II* was mooted by the filing of the *Second Amended Complaint.* (See: Court's order dated February 10, 2003. Docket 153.)

During the February 19, 2004 status conference plaintiffs informed the Court that they

will not pursue their claims against the Chang defendants. Plaintiffs' decision not to pursue their claims against the individual Chang defendants moots their need for the *Second Amended Complaint*. Thus, E1 respectfully moves the Court "to re-examine the utility of the Second Amended Complaint" and reinstate defendant's *Motion to Dismiss Count II*. (Docket Nos. 132 & 140.) (See also: Court's order dated February 20, 2004; Docket 243.)

I. *Plaintiffs' voluntary dismissal of its claims against the Chang defendants moots any need for the Second Amended Complaint*

Plaintiffs' *second* amended complaint (Docket No. 156.) differs from their *first* amended complaint only in two areas. First, Plaintiffs included a plethora of new defendants referred to as the "Tuffcare" enterprise (see ¶ 10 of second amended complaint). Second, Plaintiffs removed their "single seller" allegations. The new defendants are Calvin Chang, Lucille Chang, Joseph Chang, Hsaio Yuan Chang & Tuffy Home Healthcare Products, Inc. (the "Chang defendants.")

Although Plaintiffs's motion to amend the complaint was filed four days before defendant's *Motion to Dismiss Count II*, their *proposed* amended complaint was not prepared and filed by plaintiffs until two months *after* our motion to dismiss. That is, *after* they realized that their first amended complaint did not state a Robinson Patman claim.

Plaintiffs moved to amend the complaint for the second time on or about August 21, 2002. (Docket No. 131.) Defendants filed their objections. (See: Docket No. 141.) Among them, Defendants argued that Plaintiffs' motion to amend the complaint should be denied

because plaintiffs did not present to the Court any of their proposed amendments. (Docket # 151.) It was only *then* that Plaintiffs filed their proposed second amended complaint attached to Docket 152 as exhibit 2. Docket 152 was filed almost two months *after* Defendants filed their *Motion to Dismiss*.

The <u>only justification raised</u> by the Plaintiffs in their *Motion to Amend the Complaint* (Docket No. 131) was that "just discovered" facts required the inclusion of the Changs as defendants in the instant action. There was no mention of any need to backtrack from their single seller allegations.

Plaintiffs **first** retreated from their "single seller" allegations *after* they were served with Defendant's motion to dismiss. "Single seller" status was not an issue when they asked leave from this Court to amend the complaint. (Compare allegations included in Docket 131 with their *Second* amended complaint.)

At the September 17, 2002 status conference we alerted the Court that Plaintiffs' smoke screen regarding the real party in interest was just an excuse remove their "single seller" allegations. We were proven correct.

II. *Not to dismiss the second amended complaint will improperly reward plaintiffs' conflicting arguments.*

In their *Second* Amended Complaint plaintiffs argued that E1 was part of the "Tuffcare" enterprise. (See ¶ 10 of the *Second* Amended Complaint.)

Up to our *Motion to Dismiss Count II*, it had always been Plaintiffs' position,

-3-

Graham Field, Inc. v. E1 Enterprises, Inc., 98-1306         Motion to Reinstate Motion to Dismiss Count II

correctly we might add, that "Tuffcare" and MedEx were a "single seller" for Robinson Patman purposes. (See ¶ 63 of the *first* Amended Civil Action Complaint.)

Since then, Plaintiffs have selectively argued that E1 does control MedEx. Plaintiffs repeatedly sought sanctions for E1's purported failure to produce MedEx's invoices to third parties. The Court even fined E1 $10,000 for what it considered E1's failure to comply with plaintiffs' request of MedEx's documents, <u>despite the fact that MedEx is not a party to this lawsuit</u>.

The Court, relying on our assertions that defendant E1 controls MedEx, ruled that E1 had *de facto* control over the documents. Thus, the Court ordered E1 to produce the requested documents within ten (10) days of the conference. The documents were then expediently produced. (The fact that E1 was able to produce MedEx's invoices to third parties is convincing evidence that E1 in fact controls MedEx.)

E1 is concerned about Plaintiffs's conflicting arguments. In their *Motion for Sanctions* they asserted that the Defendant had to produce documents under MedEx's control because it controlled MedEx. (See: Docket No. 137, page 3) Nonetheless, in that very *Motion* they also asserted that there is an "actual conflict" between the Defendant and MedEx. (*Id.*, page 13.) This issue is of critical importance to the Defendants.

As we explained in our *Motion To Dismiss Count Two* (See Docket No. 132), if MedEx is under E1's control, then they are a "single seller" and transfers of commodities between them do not constitute "sales" for Robinson Patman purposes.

### III. *Conclusion*

E1 cannot allow plaintiffs to reap the benefits of E1's control over MedEx, but at the same time tolerate their subservient argument that there is an actual conflict between them.

Through their conflicting arguments plaintiffs have been able to benefit from E1's control over MedEx (i.e. production of documents) while at the same time avoiding its pitfall (i.e. E1 and MedEx are a single seller for Robinson Patman purposes).

Judicial estoppel should bar plaintiffs from prosecuting their conflicting arguments. A party should not be allowed to gain an advantage by litigating on one theory, and then seek an inconsistent advantage by pursuing an incompatible theory. 18 *C. Wright, A. Miller & Cooper*, Federal Practice and Procedure §§ 4477, p. 782 (1981).  The First Circuit has held that the judicial estoppel doctrine "should be employed when a litigant is playing fast and loose with the courts and when intentional self contradiction is being used as a means of obtaining an unfair advantage." Franco v. Selective Ins., 184 F.3d 4, 9 (1st Cir. 1999) (quoting Patriot Cinemas v. Cinema Corp, 834 F.2d 208, 212 (1st Cir. 1987) (internal quotations omitted.)

There is no longer a need for the *Second Amended Complaint* since plaintiffs have voluntary dismissed their claims against the Chang defendants.

Should the Court decide to re-examine and dismiss the *Second Amended Complaint*, defendant E1 moves that it be allow to substitute Tuffcare, Inc. as the named defendant in the *First* Amended Compliant.

Although the Court previously denied E1's request to substitute Tuffcare, Inc. as the

Graham Field, Inc. v. E1 Enterprises, Inc., 98-1306          Motion to Reinstate Motion to Dismiss Count II

real party in interest, it has *de facto* treated E1 as if it had substituted Tuffcare, Inc. For instance, the Court ordered E1 to respond to discovery requests served on Tuffcare, Inc. and even fined E1 $10,000 for perceived omissions committed by *Tuffcare, Inc.* That is, related to events that transpired when E1 was not even a party in this case.

WHEREFORE, we respectfully pray from this Honorable Court to GRANT this motion and, accordingly, (1) dismiss the *Second* Amended Complaint, (2) reinstate the *First* Amended Complaint (Docket No. 5) and (3) dismiss with prejudice the claims against the Chang defendants be dismissed with prejudice.

I HEREBY CERTIFY that, on this same date, a true copy of this document has been sent via electronic mail to Mr. Kenneth J. Mc Culloch, BRG&S, 909 Third Avenue, 18th Floor, New York, New York 10022.

RESPECTFULLY SUBMITTED.

　　　Hato Rey, Puerto Rico, March 3, 2004.

　　　　　　　　　　　　　　　　　　/S/ Ignacio Fernandez de Lahongrais
　　　　　　　　　　　　　　　　　　IGNACIO FERNANDEZ DE LAHONGRAIS
　　　　　　　　　　　　　　　　　　USDC - PR 211603
　　　　　　　　　　　　　　　　　　Capital Center Sur, Suite 202
　　　　　　　　　　　　　　　　　　Avenida Arterial Hostos #239
　　　　　　　　　　　　　　　　　　Hato Rey, Puerto Rico 00918-1475
　　　　　　　　　　　　　　　　　　Tel. 758-5789 Fax 754-7504