## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| GRAHAM - FIELD, INC., et al<br><br>Plaintiffs<br><br>Vs<br><br>E1 Enterprises, Inc., et. al.<br><br>Defendant | CIVIL NO. 98-1306 (DRD)<br>CIVIL ACTION |

## E1'S OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT - ROBINSON PATMAN

TO THE HONORABLE COURT:

COMES NOW defendant E1 ENTERPRISES, INC., D/B/A TUFFCARE, represented by the undersigned attorney, and most respectfully STATES, ALLEGES and PRAYS:

On January 30, 2004 Plaintiffs filed a "cross motion" for summary judgment for their Robinson Patman claims. (See Docket 231.)

### I. Introduction

The sharp-eyed reader will note that Plaitniffs' allegations in their cross motion for summary judgment represent a major retreat from their original Robinson Patman claim. Their original price discrimination claim was based on E1's T-2000 bed. In particular, plaintiffs based their allegation of price discrimination by comparing prices from T2000's *sold* to MedEx v. prices *quoted* to plaintiff. (See count II *First* amended complaint and count I *Second* amended complaint.)

Graham Field, Inc. v. E1 Enterprises, Inc., 98-1306
(DRD)

E1's Opposition to Plaintiffs' Cross Motion for
Summary Judgment

In their "cross motion" plaintiffs backtracked from their claims.  They now seek "automatic damages" alleging price discrimination in wheelchairs.  (See Exhibit 35 attached to Docket 230.)

Moreover, Plaintiffs originally sought $3,531,000 in damages in their Robinson Patman claim.  (See ¶ 55 of the *Second* Amended Complaint.)  Under their new theory plaintiffs have reduced their claim to just $95,460.45.  (See ¶ 2, plaintiffs' cross motion for summary judgment, Docket No. 231.)

Finally, plaintiffs no longer seek damages alleging E1's refusal to sell.

In light of plaintiffs' wild fluctuations in their allegations of price discrimination and their estimates of damages, we urge the Court to review their "cross motion" with heightened skepticism.

Plaintiffs cross motion is also silent on the issue of E1's control over Medex. E1's control over MedEx makes them a single seller for Robinson Patman purposes.  (The Court should bear in mind that it ordered E1 to produce documents belonging to non-party MedEx because E1 had *de facto* control over MedEx and its documents.)  Thus, at the outset, plaintiffs' claim should fail because it's claim of discriminatory pricing is incorrectly based on a comparison of sales from E1 to Med Ex with sales from E1 to Graham Field Express.

Such comparison is incorrect as a matter of law pursuant to <u>Caribe BMW v. BMWA, et. al., 19 F.3d 745,</u> (1st Cir. 1994) (*i.e.* Sales between single sellers do not constitute "sales" for Robinson Patman purposes).   Transfer prices between E1 and MedEx are irrelevant for

Graham Field, Inc. v. E1 Enterprises, Inc., 98-1306          E1's Opposition to Plaintiffs' Cross Motion for
(DRD)                                                                                    Summary Judgment

Robinson Patman purposes.  After all, the reality of this case is that there are two competing

economic interests.  E1 - MedEx in one hand and Graham Field - Graham Field Express on

the other. The correct comparison should have been sales from E1 to Graham Field Express

v. sales from MedEx to its Puerto Rico customers.

II. <em>Plaintiffs are not entitled to automatic treble damages.</em>

Plaintiffs' cross motion requests automatic damages based on what it argues are

differences in prices.  (See Exhibit 35 attached to Docket 230.)  It also requests "automatic"

treble damages.

Plaintiffs claim for damages is only supported by a table prepared by plaintiffs'

counsel.  The table makes an arithmetic calculation of purported differences in pricing and,

just like that, calculates treble damages.  Plaintiffs in effect request "automatic" treble

damages.

Treble damages are[1] allowed pursuant to Section 4 of the Clayton Act (15 U.S.C.

§15).  Case law on point from the Supreme Court of the United States and the First Circuit

reject "automatic" damages for violations of the Robinson Patman Act.

Plaintiffs argument that it is entitled to "automatic" damages in the amount of price

---

[1]Section 4 of the Clayton Act, 15 U.S.C. § 15, provides: "Any person who shall be
injured in his business or property by reason of anything forbidden in the antitrust laws may sue
therefor in any district court of the United States in the district in which the defendant resides or
is found or has an agent, without respect to the amount in controversy, and shall recover
threefold the damages by him sustained, and the cost of suit, including a reasonable attorney's
fee."

Graham Field, Inc. v. E1 Enterprises, Inc., 98-1306
(DRD)

E1's Opposition to Plaintiffs' Cross Motion for
Summary Judgment

discrimination was rejected by the Supreme Court in <u>Truett Payne Co. v. Chrysler Motor</u>

<u>Co.</u>, 451 U.S. 557, 561 (1981).

The Supreme Court ruled that by

its terms § 2(a) is a prophylactic statute which is violated merely upon a
showing that 'the effect of such discrimination *may be* substantially to lessen
competition.' As our cases have recognized, the statute does not 'require that
the discriminations must in fact have harmed competition.' Section 4 of the
Clayton Act, in contrast, is essentially a remedial statute. It provides treble
damages to "any person who *shall be injured* in his business or property by
reason of anything forbidden in the antitrust laws...." To recover treble
damages, then, **a plaintiff must make some showing of actual injury
attributable to something the antitrust laws were designed to prevent**.
(plaintiff 'must, of course, be able to show a causal connection between the
price discrimination in violation of the act and the injury suffered.'). It must
prove more than a violation of § 2(a), since such proof establishes only that
injury may result. *Id*. at 561 - 562. [Internal citations omitted.] [Italics in
original.] [Emphasis in bold added.]

Proof of a violation under Section 2(a) "does not mean that a disfavored purchaser

has been 'injured' within the meaning of § 4." *Id*. at 562.   In order to collect damages as a

private plaintiff, Graham Field  must show that E1's alleged offense was a "material cause"

of injury.  <u>Coastal Fuels v. Caribbean Petroleum, Corp.</u>, 79 F3d 182, 194 (1st Cir. 1996).

Graham Field is required to show under that, as a result of E1's price discrimination, it "lost

sales and profits." *Id*.  (See also <u>Allen Pen Co. v. Springfield Photo</u>, 653 F.2d 17, 21-22 (1st

Cir. 1981).)

Accordingly, plaintiffs' request for automatic damages must be, as a matter of law,

summarily denied.

Graham Field, Inc. v. E1 Enterprises, Inc., 98-1306 (DRD)

E1's Opposition to Plaintiffs' Cross Motion for Summary Judgment

III. *Sales must be reasonable contemporaneous to fall under Robinson Patman.*

Plaintiffs request for automatic damages should also be denied because it failed to compare prices over the same time period. Plaintiffs compare prices to GFE in 1996 - 1997 with prices given to MedEx in 1998. (See Exhibit 35 attached to Docket 230.) MedEx did not even exist at the time some of the alleged sales to GFE were made. (See ¶ 36 *Second amended complaint; Docket No. 155.)

The courts have ruled that sales must be "reasonably contemporaneous" for the Act to apply. (See, e.g., Coastal Fuels of Puerto Rico, Inc. v. Caribbean Petroleum Corp., 990 F.2d 25 (1st Cir. 1993) (statute does not prohibit differences in spot sales and long term contracts.); Texas Sulphur Co. v. J. R. Simplot Co., 418 F.2d 793, 806 (9th Cir. 1969) (legality under Robinson-Patman of price discrimination between contracts that contemplate contemporaneous delivery, must be evaluated as of the dates the respective contracts were made.); Black Gold, Ltd. v. Rockwood Industries, Inc., 729 F.2d 676 (10th Cir. 1984).)

IV. *Final Thoughts*

Plaintiffs cross motion is also silent on the fact that plaintiffs were a *competitor* to E1. That is, a competitor about 20 times larger than E1.[2]

---

[2]

As of December 31, 1997 plaintiffs reported to the Securities Exchange Commission assets of $547,118,000. Net revenue was a staggering $263,143,000. In comparison, defendant's sales were

Graham Field, Inc. v. E1 Enterprises, Inc., 98-1306
(DRD)

E1's Opposition to Plaintiffs' Cross Motion for
Summary Judgment

The Robinson-Patman amendment to the Clayton Act was prompted by a concern over the perceived inability of the former statute to protect small businesses in secondary line price discrimination situations.  As one court put it, Robinson-Patman was designed to "level the playing field." H.L. Hayden Co. of N.Y., Inc. v. Siemens Medical Sys., Inc. 672 F. Supp. 724, 743 (S.D.N.Y. 1987).

The Robinson Patman Act prohibits price discrimination where the effect of such discrimination may "prevent competition with any person who ... receives the benefits of such discrimination." 15 U.S.C. § 13(a). (i.e. secondary line injury.)  Plaintiffs assert, as we understand it, that E1's price discrimination injured GFE's competition with MedEx.

E1 submits that plaintiffs' claim falls outside Robinson Patman because plaintiffs competed against E1.  The Robinson Patman Act was not designed to protect competitors among themselves, but sales by one entity to two *different competitors* at disparate prices. Thus, the favored customer would enjoy an illegal price advantage over the disfavored customer.  The Robinson Patman Act was not enacted to look over sales among direct competitors.[3]  This is specially relevant in this case where the alleged victim was 20 times larger that the perpetrator.

---

approximately $20 million. (See E1's statement of uncontested facts.)

[3]

At all relevant times plaintiffs products competed with Tuffcare.  (See plaintiffs' responses to request for admissions; Exhibit 22 attached to Docket 205.)

Graham Field, Inc. v. E1 Enterprises, Inc., 98-1306
(DRD)

E1's Opposition to Plaintiffs' Cross Motion for
Summary Judgment

WHEREFORE, we respectfully pray from this Honorable Court to DENY plaintiffs' *Cross Motion*

*for Summary Judgment*.


I HEREBY CERTIFY that, on this same date, a true copy of this document has been sent via

electronic mail to Mr. Kenneth J. Mc Culloch, BRG&S, 909 Third Avenue, 18th Floor, New York,

New York 10022.

RESPECTFULLY SUBMITTED.


     Hato Rey, Puerto Rico, March 4, 2004.


               /S/ Ignacio Fernandez de Lahongrais
               IGNACIO FERNANDEZ DE LAHONGRAIS
               USDC - PR 211603
               Capital Center Sur, Suite 202
               Avenida Arterial Hostos #239
               Hato Rey, Puerto Rico 00918-1475
               Tel. 787-758-5789 Fax 787-754-7504