

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**GRAHAM-FIELD, INC. AND
GRAHAM-FIELD EXPRESS
( PUERTO RICO) INC.**
        **Plaintiffs,**

V.
                                            **CIVIL NO. 98-1306 (DRD)**

**E 1 Enterprises, Inc.,**
        **Defendants.**

**PLAINTIFFS' MEMO IN OPPOSITION TO DEFENDANT'S MOTION REQUESTING THE COURT TO RE-EXAMINE THE NEED FOR THE SECOND AMENDED COMPLAINT & REINSTATE DEFENDANT'S MOTION TO DISMISS COUNT II**

**INTRODUCTORY STATEMENT**

This is Plaintiffs' Memorandum In Opposition To Defendant's Motion[1] requesting that the Court re-consider its Decision and Order granting Plaintiffs' Motion To Amend The Complaint; its Decision and Order Denying Defendant's Motion to dismiss Count II of the Complaint; and its Decision and Order denying Defendant's prior motion asking the Court to reconsider its prior Decisions and Orders. Defendant does not state which, if any of the Federal Rules of Civil Procedure it is purporting to follow, and Defendant does not comply with any rule of the Federal Rules Of Civil Procedure, either in time scope or in substance. As will be seen, the Court has decided this issue against Defendant on many prior occasions. Defendant's current

---

[1] Defendant's motion was not received by electronic e-mail. Plaintiffs advised Defendant, by letter dated March 9, 2004, and faxed that same date, that Plaintiffs had not received Defendant's motion, and requesting that Defendant fax a copy of the motion to Plaintiffs. *See* copy of letter attached. Defendant did not fax a copy of the motion to Plaintiffs, but sent a copy by mail, and it was received by Plaintiffs on Friday, March 12, 2004. This Response is timely filed.

motion is frivolous, without fact or legal foundation, and should be denied. Furthermore, Plaintiffs, who are in bankruptcy, should be awarded costs and attorneys' fees necessitated by Defendant's repetitive, and baseless motion.

## PRIOR PERTINENT PROCEEDINGS

**The First Time This Issue Was Raised - And Decided.** Count II of Plaintiffs' Amended Complaint is Plaintiffs' claims under the Robinson Patman Act. This claim was Count II of the original Complaint, Dkt. No. 1 (3/26/98), and Plaintiffs' Amended Complaint, Dkt. No. 5 (4/16/98), which had been filed as a matter of right because Defendant had not yet filed a responsive pleading to the Complaint as of 4/16/98. Based on facts learned during discovery, Plaintiffs sought to revise Count II of the Amended Complaint. To accomplish that, on 8/22/03 (Dkt. No. 131), Plaintiffs filed a motion to amend the Complaint. That motion sought to make two major changes to the Amended Complaint. It sought to change the facts, as stated in the Robinson Patman claim, based largely on the deposition testimony of Calvin Chang, and discovery that had taken place after 4/16/98. Calvin Chang testified at his deposition that he and his brother, Joseph Chang, were the owners of Medex Corporation, that his mother, Lucille Chang, was the owner of Tuffcare, Inc., now in the case as E-1 Corporation, and that a financial benefit to Medex Corporation did not accrue to the benefit of Tuffcare, or E-1. Calvin Chang was Vice President of Sales for Tuffcare/E-1, and he described how he wanted to keep prices of goods being sold by Tuffcare/E-1 to Medex low so that he and his brother could earn more money, and how his mother, Lucille Chang, had directed him to raise the prices that he was charging Medex for Tuffcare products, so that she and Tuffcare/E-1 could earn more money. The second change sought by Plaintiffs' motion to amend was to add additional parties.

2

Defendant responded to Plaintiffs' motion to amend the Complaint. *See* Docket No. 141 (9/13/02). Defendant then submitted still further opposition to this motion. *See* Dkt. No. 151 (10/21/02). Plaintiffs filed a Reply to the Defendant's opposition. *See* Dkt. No. 152 (11/1/02). The Court granted Plaintiffs' motion to amend. *See* Dkt. No. 153 (2/11/03).

**The Second Time This Issue Was Raised - And Decided.** *After* Plaintiffs had filed their motion to amend the Complaint, Defendant filed a motion to dismiss Count II of the Complaint. *See* Dkt. No. 132 ( 8/26/02). ( Defendant's motion was filed four days after Plaintiffs had filed their motion to amend the Complaint.) Plaintiffs filed their response to Defendant's motion to dismiss the Complaint. *See* Dkt. No. 139 (9/4/02). Defendant filed a motion to submit a Reply Memo, *see* Dkt. No. 140 (9/11/02), and submitted its Reply Memo at this same time. *See* Dkt. No. 141 (9/13/02). Defendant filed supplemental exhibits, in opposition to Plaintiffs' motion to amend the Complaint, and in support of Defendant's motion to dismiss Count II of the Complaint. *See* Dkt. No. 144 (9/16/02). Defendant submitted yet another memo in support of its motion to dismiss Count II of the Complaint. *See* Dkt. 151 (10/21/02). Plaintiffs filed a response to that memo. *See* Dkt. No. 152 (11/1/02).

The Court denied Defendant's motion to dismiss Count II of the Complaint, as moot, as part of the same Decision and Order by which the Count had granted Plaintiffs' motion to amend the Complaint. *See* Dkt. No. 153 (2/11/03).

**The Third Time This Issue Was Raised- And Decided.** After the Court rendered its Decision and Order granting Plaintiffs' motion to amend the Complaint, and denying Defendant's motion to dismiss Count II of the Complaint, Defendant filed a motion for reconsideration of that Decision and Order. *See* Dkt. No. 158 (2/20/03).

3

Motions for reconsideration are entertained by courts if they seek to correct manifest errors of law or fact, present newly discovered evidence or when there is an intervening change in the law. *See Jorge Rivera Surillo & Co. v. Falconer Glass Indus., Inc.*, 37 F.3d 25, 29 (1st Cir. 1994), citing *F.D.I. Corp. v. World University, Inc.*, 978 F.2d 10, 16 (1st Cir. 1992); *Cherena v. Coors Brewing Com.*, 20 F.Supp.2d 282, 286 (D.P.R. 1998). Motions for reconsideration may not be used by the losing party "to repeat old arguments previously considered and rejected, or to raise new legal theories that should have been raised earlier." *National Metal Finishing Com., supra* at 123 (1st Cir. 1990); *see also, Agola v. Hagner*, 678 F. Supp. 988, 991 (E.D.N.Y. 1987); *Waye v. First Citizen's National Bank*, 846 F. Supp. 310 314 n. 3 (M.D. Pa. 1994) (a motion for reconsideration is unavailable if it simply brings a point of disagreement between the court and the litigant, or to reargue matters already addressed and properly disposed of prior thereto); *Davis v. Lukhard*, 106 F.R.D. 317 (E.D.Va. 1984) (a motion for reconsideration cannot be used to "reargue matters already argued and disposed of nor to put additional arguments which could have been made but neglected to be made before judgment").

Defendant's motion for reconsideration did not even qualify to be entertained by the Court. Nevertheless, Plaintiffs had to respond to that motion for reconsideration, and they did. (The Response is not indicated on the Docket sheet.) Defendant then filed a motion for leave to submit a Reply Memo, in support of its motion for reconsideration, *see* Dkt. No. 167 (4/28/03), and at the same time Defendant submitted the Reply Memo. *Id.*

By a Decision and Order dated 5/23/03, the Court denied Defendant's motion for reconsideration. *See* Dkt. No. 174.

4

**Count II Of The Complaint Was Placed At Issue By Defendant's Motion For Summary Judgment, And Plaintiffs' Cross-Motion For Summary Judgment**

Defendant filed a motion for summary judgment seeking dismissal of parts of the Complaint. Defendant sought dismissal of Plaintiffs' Robinson Patman claims, which are Count II of the Amended Complaint, by their motion for summary judgment filed on 12/17/03. *See* Dkt. No. 202 (12/17/03). Plaintiffs had not received a Statement Of Uncontested Facts that is to accompany a motion for summary judgment, so Plaintiffs responded to the motion for summary judgment by noting that the motion was deficient for this reason. *See* Docket No. 208 (12/24/03).

Thereafter, Plaintiffs received a Statement of Uncontested Facts from Defendant, and so advised the Court. *See* Docket No. 213 (01/15/04). On 1/30/04, Plaintiffs filed their memo and supporting papers, in response to Defendant's motion for summary judgment by which Defendant sought dismissal of Plaintiffs' Robinson Patman claims. *See* Docket 230. (1/30/04). On the same date, Plaintiffs filed their own motion for partial summary judgment on their Robinson Patman claims. *See* Docket No. 231 (1/30/04).

**POINT I. Defendant's Second Motion For Reconsideration, On The Same Issue, Should Be Denied.** Defendant has had, used, and exhausted multiple opportunities to have this issue of Count II of the Amended Complaint considered by the Court, and addressed by the Court. Defendant has lost each time it raised this issue. Defendant offers no new facts relative to the issue, nor does it offer any change in the law. Instead, Defendant tries to confuse the issue.

The issue of who should be Defendants in this action, and what claims Plaintiffs should be allowed to present, are two different issues. Plaintiffs' motion to file an Amended Complaint addressed two issues, one being the addition of other parties, and the other being the change in

5

the allegations of fact relative to Plaintiffs' Robinson Patman claim. The Court ruled on each issue. It stated the reasons why it was granting Plaintiffs' motion to amend the Complaint to change the allegations in Count II, which is the Robinson Patman claim. Those reasons, relating to the Robinson Patman claim, had nothing to do with whether particular individuals or corporate entities other than E-1 were Defendants in this action. Defendant does not give any legal reason for again seeking to have the Court dismiss Plaintiffs' Robinson Patman claim. Instead, it tries to use *dicta* used by the Court, with regard to the other issue, i.e., who the Defendants, are as a basis for seeking dismissal of Plaintiffs' substantive claims under Robinson Patman. There is no basis for this, so the motion should be dismissed.

**POINT II. There Is No Fact Foundation To Defendant's Motion.** The question of who the parties are, and what the claims can be, are not the same. Furthermore, Defendant starts the argument by misstating the facts. Defendant states "Plaintiffs' voluntary dismissal of its claims against the Chang defendants moots any need for the Second Amended Complaint." This is not true. Regardless of who the Defendants are, there was still a need for the Second Amended Complaint because the second Amended Complaint included the revised Robinson Patman claim. The Robinson Patman claim had to be revised because the testimony of Calvin Chang established that the relationship between Medex Corporation and Tuffcare, Inc./ E-1 was not as Defendant had believed it to be.

Defendant keeps on repeating the same argument, *i.e.*, that Plaintiffs should not have been allowed to change the allegations in Count II. The Court had repeatedly ruled that it is appropriate to allow an amendment to the Complaint, in the interests of justice, and the Court has stated why that is so in this case.

6

Further, Defendant wrongfully states that Plaintiffs have voluntarily dismissed its claims against the Chang Defendants. There has been no such dismissal.

Plaintiffs in this case are interested in achieving remedy, and not in playing pleading games, or hide-and-seek with the Chang family and their various business entities. Plaintiffs currently have a serious motion for partial summary judgment under Robinson Patman filed against Defendant. That motion, and Plaintiffs' response to Defendant's motion for summary judgment, details the substantial damages suffered by Plaintiffs as a result of Defendant's illegal and wrongful acts in violation of Robinson Patman. Indeed, of the 45 clients to whom Plaintiffs had been selling Tuffcare products, 43 ended up being the clients of Medex because of the price discrimination by Defendant in favor of Medex and against Plaintiffs.

There is no need to further pursue the Chang family or the other corporate entities that they create, and disband, unless and until it is determined that Plaintiffs cannot recover from Defendant. However, Plaintiffs have not dismissed these other parties from the action, and it is error for Defendant to say otherwise. Moreover, there is not any need to go into this tangent at this time.

Defendant continues to manufacture irrelevant issues, and to deflect attention away from the merits. Its motion is without basis and should be denied.

## CONCLUSION

For the reasons stated, Defendant's motion requesting that the Court reconsider its decisions and orders denying Defendant's motions to dismiss Count II of the Complaint should be denied.

                        Respectfully submitted,

                        Graham-Field, Inc. and Graham-Field
                        Express (Puerto Rico) Inc.
                        By: _____
                        Kenneth Mc Culloch
                        Ballard, Rosenberg, Golper & Savitt
                        909 Third Avenue, 18th Fl.
                        New York, N.Y. 10022
                        Tel. 212-453-2710
                        Fax. 212-644-8400

In Puerto Rico
c/o Law Offices Of Jane Becker
P.O. Box 9023914
San Juan, Puerto Rico 00902-3914
Tel: 787-754-9191
Fax. 787-764-3101

March 17, 2004



**BR&GS** | BALLARD ROSENBERG GOLPER & SAVITT LLP

LABOR AND EMPLOYMENT LAW
ON BEHALF OF MANAGEMENT
AND RELATED LITIGATION

909 THIRD AVENUE
EIGHTEENTH FLOOR
NEW YORK, NEW YORK
10022

TELEPHONE:
212-453-2710

FACSIMILE:
212-644-8400

E-MAIL:

10 UNIVERSAL CITY PLAZA
SIXTEENTH FLOOR
UNIVERSAL CITY, CALIFORNIA
91608-1097

TELEPHONE:
818-508-3700

FACSIMILE:
818-506-4827
818-985-8167

March 9, 2004
(By Fax to 787-754-7504)

Fernandez & Alcaraz, P.S.C.
Capital Center Sur, Suite 202
Ave. Arterial Hostos, #239
Hato Rey, Puerto Rico 00918-1475
Attn: Ignacio Fernandez de Lahongrais, Esq.

Re: Case No. 98-1306

Dear Mr. Fernandez,

     I received at least four e-mails from your office, but I have only been able to read one of these. I could open and print the document entitled Reply To Plaintiffs' Opposition To E1's Motion For Summary Judgment. Everything else could not be read beyond part of the first page, and could not be printed. I do not know why. However, please fax to me a copy of everything that you have filed since our meeting before the Judge, other than the above referenced memo that is 10- pages long. Thank you.

Very truly yours,

Kenneth Mc Culloch

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| GRAHAM-FIELD, INC. AND<br>GRAHAM-FIELD EXPRESS<br>(PUERTO RICO) INC.<br>          Plaintiffs,<br><br>V.<br><br>E 1 Enterprises, Inc.,<br>          Defendants. | CIVIL NO. 98-1306 (DRD) |

### Affirmation Of Service

Kenneth Mc Culloch, an attorney admitted to practice in the U.S. District Court for the District Of Puerto Rico affirms under penalties of perjury that on this 17th day of March 2004 I served the attached **PLAINTIFFS' MEMO IN OPPOSITION TO DEFENDANT'S MOTION REQUESTING THE COURT TO RE-EXAMINE THE NEED FOR THE SECOND AMENDED COMPLAINT & REINSTATE DEFENDANT'S MOTION TO DISMISS COUNT II** on defendant by mailing it to Defendant's counsel postage paid by U.S. Mail to Ignacio Fernandez De Lahongr, to his address at Capitol Center Sur, Ave. Arterial Hostos 239, Suite 202, Hato Rey, Puerto Rico 00918-1475, telephone 787-754-7589, fax number 787-754-7504.

                                                  /s/ Kenneth Mc Culloch

                                                  Kenneth Mc Culloch