IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

GRAHAM-FIELD, INC. AND
GRAHAM-FIELD EXPRESS
( PUERTO RICO) INC.
                Plaintiffs,

V.

                                      CIVIL NO. 98-1306 (DRD)

E 1 Enterprises, Inc.,
                Defendants.

**Plaintiffs' Reply Memo, In Further Support Of Plaintiffs' Cross-Motion For Partial Summary Judgment, And In Reply To Defendant's Dkt. No. 250 And Defendant's Supplemental Memo Dated And Filed March 31, 2004**

      Plaintiffs filed a cross-motion for partial summary judgment on their Robinson Patman claim on 01/30/04 ( Dkt. No. 230). Defendant's response was indicated in the Dkt. Sheet to be due by 02/12/04. *Id.* Defendant filed its Response Memo on 03/04/04 ( Dkt. No. 250), which is three weeks after it was due to be filed. Plaintiffs did not file a Reply Memo. Defendant filed a "Supplemental Response Memo" on 03/31/04, which is another three weeks after it had filed its original response memo. Defendant presented no excuse or explanation for its not having presented in the original response the documents and information that it presented in the Supplemental Memo. Plaintiffs received that Supplemental Response on April 6, 2004, by regular mail.

      Neither Defendant's Response, nor its Supplemental Response submitted any Affidavit, though the Supplemental Response seeks to introduce documents to the Court for consideration of Defendant's Opposition. ( This is contrary to Local Rule 312.4 of the Local Rules for the United States District Court for the District of Puerto Rico ("Local Rules"). Plaintiffs submitted a

1

Statement Pursuant to Local Rule 311.12 in support of their cross-motion. Defendant has not submitted any statement controverting Plaintiffs' Local Rule 311.12 Statement. ( Defendant is required to contravert, and if it does not contravert, then the statements in Plaintiffs' Rule 311.12 Statement are deemed admitted. *See* Local Rule 311.12.)

Plaintiffs respond[1] to Defendant's memos in opposition because Defendant has misstated the facts in this case, and the law pertinent to this case.

### POINT I

**Even Assuming The Truth Of Every Fact That Defendant Now Contends To Be True, Defendant's Argument Does Not Defeat Plaintiffs' Cross-Motion For Summary Judgment**

Defendant's Supplemental Response does not contravert the facts set forth by Plaintiffs. In its initial Response, and in its Supplemental Response, Defendant has not contraverted any of the facts set forth by Plaintiffs in their Cross-Motion For Partial Summary Judgment on Plaintiffs' claims under the Robinson-Patman Act. Moreover, Defendant has not contraverted any of the Statement Of Uncontested Facts Pursuant To Local Rule 311.12 that has been filed by Plaintiffs in support of their cross-motion. Rule 311.12 of the Local Rules of the United States District Court for the District of Puerto Rico ( "Local Rules") provide that

> "All material facts set forth in the statement required to be served by the moving party shall be deemed to be admitted unless contraverted by the statement required to be served by the other party."

Local Rule 311.12

Defendant's tactic is to submit invoices that were not otherwise before the Court, invoices

---

[1] Plaintiffs have also submitted, pursuant to Local Rule 311.7, a Motion Requesting Leave To File A Reply Memo.

2

that Defendant claims were sent to Medex, and which Defendant claims show that sometimes it invoiced Medex more than it charged to Plaintiffs for the same products. Defendant then asserts that these new submissions "defeat GFE's motion for summary judgment. They create a genuine issue of material fact. That is, whether or not prices charged to GFE were discriminatory." Defendant's Supplemental Memo, at p. 5.

**There is no genuine issue of material fact.** Even if everything Defendant asserts is correct, the facts still show that Defendant charged Plaintiffs more for the same product than they charged to Medex. The supplemental facts that Defendant seeks to present, if accepted and considered by the Court, do not negate the discrimination claim of Plaintiffs. At most, they would only show that Medex itself has a claim for price discrimination against Defendant. Defendant's argument is not a contest about facts. It is, at best, an argument about conclusions to be drawn from the facts. The conclusion that Defendant seeks to have drawn from the uncontested facts is that the discrimination against Plaintiffs is negated because there was also discrimination against Medex, on other invoices. That conclusion is wrong, and Defendant has not supported its proposed conclusion by any citation to authority. There is none. In fact, even assuming the truth of all the facts, the conclusion should be that there has been two discriminations: two wrongs do not make a right. They make two wrongs.

Defendant has cited no legal authority for its argument, and there is none. However, this kind of argument has been made in employment discrimination cases. It is called the "general abuse defense" and it is sometimes asserted by employers as a defense to hostile work environment claims. They argue in those cases that the manager was abusive to all employees, regardless of race or sex, so no employee can be heard to complain about discriminatory

3

treatment. This defense back-fires in employment discrimination cases, because, the courts have held, one kind of hostile work environment discrimination does not neutralize, but rather exacerbates, the claims of another kind of hostile work environment discrimination. Evidence of hostile work environment because of race can be used to bolster a claimant whose claims are that she was subjected to sex-based hostile work environment, and *vice versa*. "Evidence of racial harassment could be used by a plaintiff to bolster a claim of sex-based hostile work environment, and vice versa." *Sidari v. Orleans County*, 169 F.Supp.2d 158, 164 (W.D.N.Y. 2000) ( finding that plaintiff "must be permitted to introduce evidence of racial and sexual discrimination . . . in support of his claim for hostile work environment, since these other incidents of discrimination could reasonably have exacerbated the harassment which plaintiff personally experienced.").

In the case of *Cruz v. Coach Stores, Inc.*, 202 F.3d 560, 570 (2d Cir. 2000), the Second Circuit concluded that "[g]iven the evidence of both race-based and sex-based hostility, a jury could find that Bloom's racial harassment exacerbated the effects of his sexually threatening behavior and vice versa." *Id.* at 572 (*citing Hafford v. Seidner*, 183 F.3d 506, 515 (6th Cir. 1999), recognizing that evidence of religious harassment could help support a racial hostile work environment claim); *Hicks v. Gates Rubber Co.*, 833 F.2d 1406, 1416 (10th Cir. 1987) (noting that evidence of racial harassment may help establish a sexually hostile work environment)).

## POINT II

### Defendant Has Made False And Erroneous Comparisons

Defendant has sought to make it appear that Plaintiffs had been purchasing the model 277 EBL 18"Reliance Wheel Chair. Defendant has submitted invoices purportedly to Medex for

4

277 EBL 18"Reliance Wheel Chairs.

Plaintiff never asserted a price discrimination claim based on Plaintiffs' purchases of the 277 EBL 18"Reliance Wheel Chair because Plaintiffs never purchased such an item. Plaintiffs purchased a 270 EBL 18" Reliance Wheelchair, and made its chart by comparing the prices that were charged for this item to the charges that were charged to Medex for this same item.

Invoices are attached to the Mc Culloch Declaration that accompanies this Reply Memo. These are invoices show that Plaintiffs purchased the 270 EBL 18" Reliance Wheel Chair from Defendant and that Medex purchased this same item from Defendant. The invoices to Plaintiffs show that Plaintiffs paid for this item at the price of 192.00 per unit, and the invoices to Medex show that this was shipped to Medex and that Medex was invoiced for this item at a price of $166.00 per unit.

Defendant's attempt to use data relating to the 277 EBL 18"Reliance Wheel Chair should be totally discounted since such data has no relationship to this issue.

## POINT III

**Plaintiffs Should Be Awarded Treble Damages Under The Robinson Patman Act.**

In its Response Memo, Dkt. No. 250 ( 03/04/04) Defendant asserted that Plaintiffs should not be awarded treble damages because Plaintiffs have not shown that they have lost sales and profits because of Defendant's unlawful actions.

Plaintiffs have made such a showing and such information is before the Court on Plaintiffs' motion. Exhibits 25, 26, and 27 to Plaintiffs' Rule 311.12 Statement set forth the volume of purchases that Plaintiffs had been making of Defendant's Tuffcare line of products

during the period from 1995 through 1997. These purchases were for re-sale of such products. During this time period, the annual rate of purchase of Tuffcare products always exceeded $500,000. However, during the period of 1998 Plaintiffs were only able to make one order, for $108,056.80, and in 1999 Plaintiffs had not been able to make any order for Tuffcare products because "Defendant, through Medex, had taken over the market for Defendant's products." This is established by Affidavit No. 2, of Sara Figueroa which is part of Exhibit 33 to Plaintiffs' Rule 311.12 Statement. *Id.* at ¶2. In the same affidavit, Ms. Figueroa described how the sales being made by Medex of Tuffcare products were being made to customers who had been customers of Plaintiffs and had purchased Tuffcare products from Plaintiffs prior to the time that they started to purchase them from Medex. She indicates that just during the period from August 1998 to December 1998, of the 45 customers who purchased Tuffcare products from Medex, 43 had previously been clients of Plaintiffs. *Id.* at ¶4.

## CONCLUSION

For the reasons stated, Plaintiffs' cross-motion for partial summary judgment on Plaintiffs' Robinson Patman claims should be denied.

Respectfully submitted,
Graham-Field, Inc. and Graham-Field
Express (Puerto Rico) Inc.

By: _____
Kenneth Mc Culloch
Ballard, Rosenberg, Golper & Savitt
909 Third Avenue, 18th Fl.
New York, N.Y. 10022
Tel. 212-453-2710
Fax. 212-644-8400

In Puerto Rico
c/o Law Offices Of Jane Becker
P.O. Box 9023914
San Juan, Puerto Rico 00902-3914
Tel: 787-754-9191
Fax. 787-764-3101