THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ALFRED T. GIULIANO, trustee; GRAHAM - FIELD, INC., et al<br><br>Plaintiffs<br><br>Vs<br><br>E1 Enterprises, Inc., et. al.<br><br>Defendant | CIVIL NO. 98-1306 (DRD)<br>CIVIL ACTION |

**E1'S SUR REPLY TO PLAINTIFFS'** *REPLY MEMO, IN FURTHER SUPPORT OF PLAINTIFFS' CROSS MOTION FOR PARTIAL SUMMARY JUDGMENT*

*(Docket No. 254)*

TO THE HONORABLE COURT:

COMES NOW defendant E1 ENTERPRISES, INC. ("E1"), represented by the undersigned attorney, and most respectfully STATES, ALLEGES AND PRAYS:

It has always been distinctly clear for E1 that plaintiffs' Robinson Patman claim fails as a matter of law because it does not meet the jurisdictional threshold of two or more "different purchasers" required by section 2(a) of the Robinson Patman Act, 15 U.S.C. § 13(a).[1]  However, the clarity of this point might have been overshadowed by the plethora

---

[1] Section 2(a) of the Robinson Patman Act, 15 U.S.C. § 13(a), is the basic prohibition against price discrimination by a seller of commodities. In provides, in pertinent part:

> It shall be unlawful for any **person** engaged in commerce, in the course of such commerce, either directly or indirectly, to discriminate in price between **different purchasers** of commodities of like grade and quality, ... and where the effect of such discrimination may be substantially to lessens commerce ... [Emphasis added.]

| | |
|---|---|
| Alfred T. Giuliano, Trustee; Graham Field, Inc. v. E1 Enterprises, Inc., 98-1306 (DRD) | E1's Sur Reply to Docket 254 |

of conflicting arguments brought forth by the plaintiffs. Thus, we pause to present the jurisdictional argument squarely before the Court.

The statute requires two or more consummated sales in interstate commerce of commodities of like grade and quality made at discriminatory prices by the same seller to two or more purchasers within the same time period.

Plaintiffs' claim is based on a comparison (albeit incomplete) of prices given to Graham Field Express ("GFE") during the 1996 - 1997 time period with prices given to MedEx in 1998. (See Exhibit 35 attached to Docket 230.) Their claim fails because MedEx did not exist at the time the disputed sales to GFE were made. MedEx was formed on November 24, 1997, *after* the sales in question were made. (See ¶ 36 *Second* amended complaint; Docket No. 155.)

Thus, plaintiffs' failed to meet the two different purchasers jurisdictional requirement established by Section 2(a) because during the 1996 - 1997 time period there was only **one** Robinson Patman "purchaser;" GFE. In 1998 there was also just **one** Robinson Patman "purchaser;" MedEx.

Plaintiffs cannot claim that they suffered discriminatory pricing during the 1996 - 1997 time period because the purported favored buyer (i.e. MedEx) did not exist at that time. Similarly, they cannot claim Robinson Patman damages because after 1998 they were not a Robinson Patman "purchaser."

The Courts have found that refusals to sell *or to continue to sell* do not constitute

| | |
|---|---|
| Alfred T. Giuliano, Trustee; Graham Field, Inc. v. E1 Enterprises, Inc., 98-1306 (DRD) | E1's Sur Reply to Docket 254 |

actionable discrimination. This limit of the Robinson Act is required by both <u>United States v. Colgate</u>, 250 U.S. 300 (1919), which protects the right of one to unilaterally refuse to deal (the *Colgate* doctrine), and by the Section 2(a) proviso that reserves the right of "selecting their own customers." (See: <u>FTC v. Simplicity Pattern Co.</u>, 360 U.S. 55, 66 (1959).

Thus, even if the Court accepts plaintiffs' allegation that Tuffcare refused to sell to plaintiffs after 1998, sales to MedEx *post* 1998 cannot be used to claim disparate pricing since it was perfectly legal to sell to MedEx and *not* to plaintiffs.

Following is a brief reply to plaintiffs' allegations included in Point I of their *Reply Memo* (Docket No. 254). Points II & III do not warrant a response.

**Point I.**

Plaintiffs' state that the E1's invoices to MedEx attached to Docket No. 253 do not raise a genuine dispute as to a material issue of fact. Instead, they argue that the invoices show that "there was also discrimination against MedEx..." *This is nuts*! We pray to the Court to put a stop to this type of preposterous arguments that only serve to needlessly prolong this case.

E1 included those invoices to show that the price comparisons used by GFE were wrong. Should the Court decide to compare pre - MedEx prices (1996 - 1997) with post - MedEx prices (1998 - present) to determine whether of not plaintiffs suffered price

Alfred T. Giuliano, Trustee; Graham Field, Inc. v. E1 Enterprises, Inc., 98-1306 (DRD)       E1's Sur Reply to Docket 254

discrimination, the exhibits attached to Docket No. 253 show that GFE actually received better prices during the 1996 - 1997 time period that what MedEx received during 1998. This constitutes, in our view, a genuine dispute as to a material fact that defeats plaintiffs' motion for summary judgment.

WHEREFORE, we respectfully pray from this Honorable Court to DENY plaintiffs' cross motion for summary judgment.

I HEREBY CERTIFY that, on this same date, a true copy of this document has been sent via regular mail to Mr. Kenneth J. Mc Culloch, BRG&S, 909 Third Avenue, 18th Floor, New York, New York 10022.

RESPECTFULLY SUBMITTED.

    In Hato Rey, Puerto Rico, April 28, 2004.

/S/ Ignacio Fernandez de Lahongrais
IGNACIO FERNANDEZ DE LAHONGRAIS
USDC - PR 211603
Capital Center Sur, Suite 202
Avenida Arterial Hostos #239
Hato Rey, Puerto Rico 00918-1475
Tel. 758-5789 Fax 754-7504