## UNITED STATES COURT FOR THE DISTRICT OF PUERTO RICO
## BEFORE HONORABLE DANIEL R. DOMINGUEZ

<u>**MINUTES OF PROCEEDINGS**</u>                                    DATE: July 22, 2004
**CIVIL NO. 01-1950 (DRD)**
LAW CLERK: Jose A. Figueroa

===========================================================================

| | | |
|---|---|---|
| **MARGARET ARROYO-CASIANO,** | <u>Attorneys</u>: | Eliezer Aldarondo |
| **et als.** | | Pablo Landrau |
| Plaintiff, | | |
| v. | | |
| **SILA MARIA CALDERON,** | | Marie Cortes-Cortes |
| **et als.,** | | |
| Defendants. | | |

===========================================================================

     A Status Conference was held today. It began at 9:40 a.m. and ended at 10:20 a.m. The parties advised as to the status of the case. At the outset the Court stated that after reviewing the pending motions filed by the parties in the instant case related to discovery issues, the Court is convinced that the parties were not ready to submit any type of dispositive motion and their corresponding oppositions by the deadline previously provided by the Court. It seems to the Court that is some additional time had been provided or the parties had addressed the issues in a more timely fashion, the discovery issues now raised by the parties could have been avoided. The Court holds that the proper course of action is to vacate the dispositive motions deadline, to provide a new deadline for discovery and schedule a new date to submit dispositive motions and their oppositions. (Both parties are either requesting time to file additional oppositions and/or to supplement the summary judgment.)

     The Plaintiffs' and the Defendants' counsel agree with the Court's point of view. Plaintiffs assert that there are several documents requested by letter to the Defendants dated February 23, 2004, that as to this date have not been produced. In addition, the Plaintiffs requests to take the deposition of the Governor as part of its opposition to the summary judgment. The Defendants sustain that the Governor's deposition is unnecessary but request additional time to address the Qualified Immunity issue which was not properly addressed in their motion for summary judgment.

     The Plaintiffs' counsel moves the Court to withdraw their motion requesting order to depose witness and to impose sanctions (Docket No. 110) and all related motions, request that is unopposed by the Defendants. The parties inform that previous to the Status Conference, conversations were held outside the Court's presence exploring the possibilities to reach a settlement agreement. Both parties agree that there is a strong possibility to reach a settlement agreement at this stage of the proceedings.

     **The Court strongly suggests the parties to provide their best efforts in conducting sincere and productive conversations to settle the instant case. The Court offers its resources, guidance and advise to help the parties to reach a settlement agreement before any further and unnecessary litigation expenses are incurred by both parties.**

     The Court hereby **VACATES** all **ORDERS** related to the motions for summary judgment and the pending discovery issues and, all other motions associated with such motions for summary judgment and discovery related issues are hereby **MOOTED**. The Court shall issue a separate Order

providing the docket number and the ruling for each individual docket entry. Further, the Court shall issue an Order vacating its previous Order issued on May 4, 2004 (Docket No. 107), referring to Magistrate Judge Gustavo A. Gelpi the Defendants' motion for summary judgment.

In addition, the Court provided the parties with the following case management schedule:

1) The Defendants are **GRANTED** until the **16th day of August 2004 at midnight** to submit a more comprehensive summary judgment motion addressing Qualified Immunity. **The motion shall be limited to a maximum of five (5) pages-limit per Plaintiff plus an additional ten (10) pages for the Qualified Immunity issue**.

2) The Plaintiffs shall file their opposition **twenty (20) days thereafter or the date the Court may latter set forth if the Court approves a 56(f) extension to oppose the summary judgment**.

Finally, the Defendants are **ORDERED** to **SHOW CAUSE** by the **2nd day of August 2004** the basis to depose the Governor under Fed.R.Civ.P. 56(f) to oppose the summary judgment request. The Plaintiff shall address pursuant to Rule 56(f) and its related case-law the foundation for the Court to grant the discovery to answer a pending summary judgment. The Plaintiff shall address: 1) his current inability to adduce the facts essential to filing the opposition and why the deposition seek is essential to such filing; 2) provide a plausible basis for believing that such facts can be assembled within the time frame provided by the Court; and, 3) indicate how the facts obtained through the deposition would influence the outcome of the pending summary judgment motion. Velez v. Awning Windows, __ F.3d __, 2004 WL 1554450; Vargas-Ruiz v. Golden Arch Development, Inc., 368 F.3d 1 (1st Cir. 2004); Ayala-Gerena, v. Bristol Myers-Squibb Co., 95 F.3d 86, 92 (1st Cir. 1996); Resolution Trust Corp., v. North Bridge Associates, Inc., 22 F.3d 1198, 1203 (1st Cir. 1994); Patterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985, 988 (1st Cir. 1988). The Defendants are **GRANTED** until the **9th day of August 2004** to file its opposition.

The Court is initially inclined to grant the Plaintiffs request to depose the Governor of Puerto Rico since the affected Plaintiffs were employees of the Executive Mansion. The Court shall nevertheless hold its hand pending a filing under Fed.R.Civ.P. 56(f). However, should the Court ultimately rule that the Governor is to be deposed, the deposition shall take place **between August 16, 2004 through September 3, 2004, or from September 21 through September 30, 2004**. The Court understands that as a result of the potentially heavy programmatic engagements the Governor may have already scheduled, the Court allows that the deposition shall be taken in La Fortaleza at the Governor's convenience. Such deposition shall be made pursuant to the Federal Rules of Civil Procedure. **The Defendants are instructed to provide their best efforts to promptly schedule such deposition. Nevertheless, should the deposition be ultimately ordered, the Defendants are advised that the Deposition shall be taken during the time frame provided.**

**NO EXTENSIONS SHALL BE GRANTED.**

IT IS SO ORDERED                                     S/DANIEL R. DOMINGUEZ
                                                     DANIEL R. DOMINGUEZ
                                                     U.S. DISTRICT COURT