THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| GRAHAM - FIELD, INC., et al<br><br>Plaintiffs<br><br>Vs<br><br>E1 Enterprises, Inc., et. al.<br><br>Defendant | CIVIL NO. 98-1306 (DRD)<br>CIVIL ACTION |

**MOTION FOR SUMMARY JUDGMENT**

TO THE HONORABLE COURT:

COMES NOW defendant E1 ENTERPRISES, INC. ("E1"), represented by the undersigned attorney, and most respectfully STATES, ALLEGES and PRAYS:

1. On August 2, 2004 this honorable Court denied our motion for summary judgement on procedural grounds. The Court found that our statement of uncontested facts did not comply with Local Rule 56. (See Docket No. 257.) The Court advised us that our set of facts were not properly presented in numbered paragraphs and we included conclusion of law in our statement.

2. The Court also denied plaintiffs' second motion for summary judgment on procedural grounds since they also failed to comply with Local Rule 56. (See Docket No. 257.) That was plaintiffs' second motion for summary judgement. Their first motion was denied on the merits. (See Docket No. 105.) Nevertheless, in this instance the Court denied plaintiffs' *second* motion for summary judgment "without prejudice of its being re-filed after proper pruning."

Graham Field, Inc. v. E1 Enterprises, Inc., 98-1306 (DRD)        Motion for Summary Judgment

3. Given the facts above, defendant can only surmise that its *first* motion for summary judgment was also denied without prejudice.

4. E1 originally wanted to raise this issue directly to the Court during the next scheduled conference. However, given the fact that both the pre trial conference and trial are scheduled for February, we have decided to file the motion before the pre trial conference. Thus, giving enough time to respond to everyone involved.

5. We made a conscientious effort to cut back on our original motion for summary judgment. As a result, our statement of uncontested facts has only 11 pages, double spaced with only 30 statements of fact. Similarly, we have significantly edited our memorandums of law. We pray for the Court's indulgence and hope that it would see fit to consider our motion. Perhaps a last ditch effort on all parties might save the Court the need to hear a lengthy trial in this case.

6. Thus, defendant E1 moves for summary judgment in its favor pursuant to Fed. R. Civ. P. 56(b) and Local Rule 56. Pursuant to Local Rules 7.1 and 56 the appearing defendant is annexing the following documents to this motion:

     a. Statement of material and uncontested facts.
     b. Brief in Support of Summary Judgment - Law 75 claims.
     c. Brief in Support of Summary Judgment - Robinson Patman claims.
     d. Exhibits Table of Contents.
     e. Exhibits 1 - 25.

7. A defendant in a civil action may file "at any time" a motion for summary judgement.

Graham Field, Inc. v. E1 Enterprises, Inc., 98-1306 (DRD)          Motion for Summary Judgment

Fed. R. Civ. P. 56(b).

## II. *Summary Judgement Standard*

Fed. R. Civ. P. 56(b) permits a defendant to move for summary judgment in its favor "at any time." The standards for summary judgement are well settled: a district court may grant summary judgement if the pleadings and supporting documents reveal "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Fed. R. Civ. P. 56(c)*. "Material" being the operative word. Summary judgment is appropriate only if the evidence "fails to yield a trialworthy issue as to some material fact." Martinez v. Colon, 54 F.3d 980, 983 - 984 (1st Cir. 1995).

For a dispute to be "genuine," there must be sufficient evidence for a reasonable trier of fact to resolve the issue in favor of the non-moving party." United States v. One Parcel of Real Property, 960 F.2d 200, 204 (1st Cir. 1992).

"Material" means that the fact is one that might affect the outcome of the suit under the governing law. Morris v. Government Development Bank of Puerto Rico, 27 F.3d 746, 748 (1st Cir. 1994).

"Not every factual dispute is sufficient to thwart summary judgment; the contested fact must be 'material' and the dispute over it must be 'genuine." Navarro v. Pfizer Corporation, 261 F3d 90, 93 (1st Cir. 2001). (citing McCarthy v. Northwest Airlines, Inc., 56 F.3d 313, 315 (1st Cir. 1995)) (citations omitted.)

Graham Field, Inc. v. E1 Enterprises, Inc., 98-1306 (DRD)   Motion for Summary Judgment

We included two briefs in support of this petition for summary judgment. One brief pertains to Law 75 case law and the second brief relate to the Robinson Patman Act. These briefs directly address Counts I and II of the amended civil action complaint. If the court finds that there is no Law 75 & Robinson Patman violations, then Counts III thru VII will become moot. For that reason we have not included separate briefs to address those counts.

WHEREFORE, we respectfully pray from this Honorable Court to GRANT this motion and, accordingly, enter summary judgment in favor of the appearing defendant dismissing all counts of the amended civil action complaint. The appearing defendant also requests costs and attorney's fees.

I HEREBY CERTIFY that, on this same date, a true copy of this document has been sent via the Court's CM/ECF system to Mr. Kenneth McCulloch, Esq.

RESPECTFULLY SUBMITTED.

In Hato Rey, Puerto Rico, January 31, 2005.

/S/ Ignacio Fernandez de Lahongrais
IGNACIO FERNANDEZ DE LAHONGRAIS
USDC - PR 211603
Capital Center Sur, Suite 202
239 Avenida Arterial Hostos
Hato Rey, Puerto Rico 00918-1475
Tel. 787-758-5789 Fax 787-754-7504