IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

GRAHAM-FIELD, INC. AND
GRAHAM-FIELD EXPRESS
( PUERTO RICO) INC.
          Plaintiffs,

CIVIL NO. 98-1306 (DRD)

.v.

TUFFCARE, INCORPORATED,

          Defendant.

## PRE-TRIAL MEMORANDUM

This Pre-Trial Memorandum is submitted pursuant to the provisions of Rule 314.3 of the Local Rules for the United States District Court for Puerto Rico ("Local Rules"). The headings as they are set forth in Rule 314.3 of the Local Rules are set forth in bold type, and the submissions by the parties are introduced by statements in italics.

**.3(A) - The names, addresses and telephone numbers of all counsel for the parties, as well as the place and time of the conference between the attorneys.**

*Plaintiffs's Counsel.* Counsel for the Graham-Field, Inc., and Graham-Field Express ( Puerto Rico ) Inc. ("Plaintiffs") is Kenneth Mc Culloch. Mr. Mc Culloch's address is Kenneth Mc Culloch, Esq., c/o Law Offices Of Jane Becker, 416 Ponce De Leon Ave., 18th Floor, Hato Rey, Puerto Rico 00918, Post Office Box 9023914, Tel. 787-754-9191, Fax. No. 787-764-3101. Mr. Mc Culloch also has an address in New York. That address is Ballard, Rosenberg, Golper & Savitt, 909 Third Avenue, 18th Floor, New York, New York, 10022, Attn: Kenneth Mc Culloch.

**238**

exclusive distributor for the Defendant's products in Puerto Rico.

5. During August, 1996, Plaintiffs negotiated to purchase VC Medical. A principal owner of VC Medical was Vicente Guzman, Jr.

6. As of August, 1996, Graham-Field, Inc. manufactured and sold products that competed against some of the products that were manufactured and sold by Defendant. As part of the acquisition of VC Medical, Graham-Field, Inc. had established Graham-Field Express ( Puerto Rico) Inc. ("GFE").

7. After the acquisition of VC Medical, Graham-Field, Inc. used GFE to continue the VC Medical business that was acquired.

8. If VC Medical, or its successor, sold in Puerto Rico the products that Graham-Field, Inc. manufactured, then VC Medical or its successor would be in violation of the Exclusive Distribution Agreement that VC Medical had with Defendant because that Agreement required that "The Distributor agreed to promote and sell wheelchairs and related products only for Manufacturer." Exhibit 1.

9. Graham-Field, Inc. did not want to be restricted by reason of the acquisition of VC Medical from selling in Puerto Rico products that it manufactured.

10. In order that Graham-Field, Inc. would be permitted to sell its products in Puerto Rico, after its acquisition of VC Medical, Graham-Field, Inc. asked VC Medical to have Defendant terminate the Exclusive Sales Agreement insofar as it restricted VC Medical from selling or promoting products that competed against products that were manufactured by the Defendant, but to continue as the Exclusive Distributor for Defendant.

11. There were three documents used to accomplish the intent of Plaintiffs relating to the

**239**