IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

GRAHAM-FIELD, INC. AND
GRAHAM-FIELD EXPRESS ( PUERTO RICO) INC.

           Plaintiffs,

                  CIVIL NO. 98-1306 (DRD)

     v.

TUFFCARE, INCORPORATED,

           Defendant.



PLAINTIFFS' STATEMENT OF MATERIAL FACTS AS TO WHICH THERE IS NO GENUINE ISSUE TO BE TRIED, SUBMITTED PURSUANT TO RULE 311.12 OF THE LOCAL RULES OF THIS COURT, AND IN SUPPORT OF PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT

A. The Agreement And Order Of June 4, 1998

1. On June 4, 1998, Graham-Field, Inc. and Graham-Field Express ( Puerto Rico ), Inc, ( hereafter, jointly, "Plaintiffs" ) and Tuffcare, Incorporated ( hereafter, " Defendant" ) signed the Agreement that is annexed hereto as Exhibit 1, and the Court "So Ordered" that Agreement.

2. That Agreement and Order was and is an enforceable contract and compliance with the Agreement was required of the Defendant, under pain of contempt, because the Agreement was made an Order of the Court.

B. Contrary to the Agreement, and in violation of the Order, the Defendant did not make available to the Plaintiffs for purchase and resale its full product line, but only 19% of its products.

terms for payment as other distributors of Defendant in Puerto Rico, including the terms for Medex. Exhibit 1, paragraphs 1 and 2.

39. The documents produced to Plaintiffs by the Defendant pursuant to the Court's Order of January 29, 1999, demonstrate that Defendant shipped many, if not all, of its products to Medex as intra-company transfers, because the documents are marked that way. Id.

40. Part of Exhibit 14 is Invoice No. 34233, dated April 16, 1998 ( Pre-Contempt Period ) and the invoice indicates that the shipment to Medex was made as "Project Transfer No. 29." Id.

41. Another part of Exhibit 14 is invoice No. 36824 dated June 25, 1998 ( Contempt Period ) and it shows that the Defendant did not change the manner in which it shipped products to Medex, because the shipment was being made as "Project Transfer No. 120". Id.

42. Another part of Exhibit 15 is invoice number 103481, dated December 3, 1998, which is toward the end of the period for which the Defendant produced records to the Plaintiffs, and it shows that the Defendant continued to transfer without payment, but rather as intra-company transfers, this one being "Transfer No. 120". Id.

43. None of the invoices to Medex show that the invoice was "paid" at all, yet Medex was required to abide by the same payment terms as those imposed upon the Plaintiffs, and the Plaintiffs were required to pay within 10 days of the receipt of goods. Exhibit 1. Id.

**D. Plaintiffs were a "dealer" for the Defendant, as that term is used in Law 75. Until the Defendant embarked upon a systematic attempt to take over the Plaintiffs' business, Plaintiffs were the only dealer and distributor for the Defendant in Puerto Rico.**

44. VC Medical had an exclusive distribution agreement with Defendant, commencing October 15, 1990. A copy of that Agreement is Exhibit 15.