IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

GRAHAM-FIELD, INC. AND
GRAHAM-FIELD EXPRESS (PUERTO RICO), INC.

Plaintiffs,

v.

TUFFCARE, INCORPORATED,

Defendant.

CIVIL NO. 98-1306 (DRD)

**Plaintiffs' Response to Defendants First Request For Admissions**

Pursuant to the Federal Rules of Civil Procedure, Graham-Field Inc. and Graham-Field Express (Puerto Rico) Inc. (collectively, "Plaintiffs"), by and through its attorney, Kenneth McCulloch, Esq., respond and object to the First Request for Admissions by Tuffcare Incorporated ("Tuffcare") as follows:

### General Objections

1. Plaintiffs object to all requests for admissions to the extent that such requests for admissions relate to information which is beyond the scope of that permitted by the Federal Rules of Civil Procedure.

2. Plaintiffs object to all requests for admissions to the extent that such requests are not described with reasonable particularity, are overly broad, or are not reasonable calculated to lead to the discovery of admissible evidence. More particularly, Plaintiffs object to each request for admission to the extent that such request is not reasonably limited in time, place or scope to the

(respadm.gfe)

244

relevant time, parties or other issues in this case.

3. Plaintiffs object to all requests for admissions to the extent that such requests seek information that is of no substantial importance under Fed.R.Civ.P. 37(c)(2).

4. Plaintiffs further object to all requests for admissions to the extent that such requests seek confidential information, proprietary information and/or trade secrets.

5. Plaintiffs object to each of these requests for admissions to the extent these requests purport to impose any duty to supplement responses greater than that required by Fed.R.Civ.P. 26(e). Pursuant to ongoing discovery in this matter, Plaintiffs reserve the right to supplement these responses subsequent to the forwarding of these responses.

6. Plaintiffs reserve the right to incorporate all or any portion of one response by reference into another response.

7. Plaintiffs object to Defendant's requests for admissions to the extent they seek the discovery of information protected by the attorney/client privilege and attorney work-product doctrine. Upjohn Co. v. United States, 449 U.S. 387 (1981) (Rehnquist, J.).

**Request for Admission No. 1**

Admit that you gave instructions to Vicente Guzmán Jr., when said person entered into negotiations with you for the sale of V.C. Medical that the exclusivity clause V.C. Medical had contracted with Tuffcare Inc. be terminated.

**Response to Request for Admission No. 1**

Plaintiffs assert General Objections 1-7.

Plaintiffs cannot admit or deny this request for admissions as it is phrased. The Agreement that V.C. Medical had with Tuffcare was a dual exclusive, i.e., by that agreement (1) Tuffcare had agreed that V.C. Medical was the exclusive representative for Tuffcare in Puerto Rico; and (2) V.C. Medical had agreed that it would not be the distributor for products that competed against products sold by Tuffcare through V.C. Medical in Puerto Rico. Plaintiffs had advised Vicente Guzmán, Jr. that Plaintiffs had products that competed against products manufactured by Tuffcare and asked Vicente Guzmán, Jr. to so advise Tuffcare but further advise Tuffcare that Plaintiffs wanted to continue as the exclusive distributor of Tuffcare products in Puerto Rico, but that it could not agree to refrain from selling products that competed against Tuffcare products.

**Request for Admission No. 2**

Admit that you had knowledge that no exclusivity contract existed between Graham-Field Express and Tuffcare Inc. at the moment you filed the instant complaint.

**Response to Request for Admission No. 2**

Plaintiffs deny this request for admissions.

246

**Request for Admission No. 3**

Admit that Graham-Field Express carries lines and/or products which compete with Tuffcare Inc's products.

**Response to Request for Admission No. 3**

Plaintiffs admit this request for admissions.

**Request for Admission No. 4**

Admit that at the time plaintiffs bought V.C. Medical, Graham-Field Inc. had knowledge that Tuffcare Inc. did no have any other distributor in Puerto Rico.

**Response to Request for Admission No. 4**

Plaintiffs assert General Objections 1-7.

Plaintiffs cannot admit nor deny this Request for Admission as it is phrased. At the time V.C. Medical was acquired, Plaintiffs knew that V.C. Medical had a contract with Tuffcare that provided that V.C. Medical was the exclusive distributor for Tuffcare in Puerto Rico. Plaintiffs had not knowledge at that time that Tuffcare was engaging in any activity contrary to that restrictive provision.

**Request for Admission No. 5**

Admit that prior to buying V.C. Medical Graham-Field did not make sales in Puerto Rico.

**Response to Request for Admission No. 5**

Plaintiffs deny this request for admissions.

**Request for Admission No. 6**

Admit that Graham-Field retained all of V.C. Medical employees when said company was acquired.

**Response to Request for Admission No. 6**

Plaintiffs assert General Objections 1-7.

Plaintiffs admit that Plaintiffs hired all of V.C. Medical employees when said V.C. Medical was acquired by Plaintiffs.

**Request for Admission No. 7**

Admit that Graham-Field Inc. set up operations in Puerto Rico as Graham-Field Express.

**Response to Request for Admission No. 7**

Plaintiffs assert General Objections 1-7.

Plaintiffs cannot admit nor deny this request for admission because it does not know what Defendant means by "set up". Plaintiffs established Graham-Field Express (Puerto Rico) Inc. and transferred the business of V.C. Medical to that entity in Puerto Rico, and, thereafter, operated under the name of Graham-Field Express (Puerto Rico) Inc.

**Request for Admission No. 8**

Admit that Graham-Field Express sells Graham-Field products.

**Response to Request for Admission No. 8**

Plaintiffs assert General Objections 1-7.

Plaintiffs cannot admit nor deny this request for admissions because it does not know what Defendant means by "Graham-Field products". Plaintiffs admit that Graham-Field Express (Puerto Rico) Inc. sells some products that are manufactured by entities that are part of Graham-Field, Inc., whether these be subsidiaries or otherwise, and they further admit that Graham-Field Express (Puerto Rico) Inc. sells products that are manufactured by companies that have no relationship to Graham-Field, Inc.

248

**Request for Admission No. 9**

Admit that nothing in the contracts of Graham-Field's Employees contains a non-complete cause.

**Response to Request for Admission No. 9**

Plaintiffs deny this request for admissions.

**Request for Admission No. 10**

Admit that Graham-Field gave instructions to Vicente Guzman Jr., at the time he was President of Graham-Field, to introduce Graham-Field products to his clients.

**Response to Request for Admission No. 10**

Plaintiffs assert General Objections 1-7.

Plaintiffs cannot admit nor deny this request for admission as it is phrased. Vicente Guzmán, Jr. did not have clients. He was President of Graham-Field Express (Puerto Rico) Inc.

**Request for Admission No. 11**

Admit that Graham-Field Express is a wholly owned subsidiary of Graham-Field Inc.

**Response to Request for Admission No. 11**

Plaintiffs admit that Graham-Field Express (Puerto Rico) Inc. is a wholly-owned subsidiary of Graham-Field, Inc.

**Request for Admission No. 12**

Admit that Graham-Field Express was created to take over V.C. Medical's operations.

**Response to Request for Admission No. 12**

Plaintiffs assert General Objections 1-7.

Plaintiffs cannot admit or deny this request for admission as it is phrased because it does not know what Defendant means by "take over". Graham-Field Express (Puerto Rico) Inc. was

249

created to operate in Puerto Rico, using whatever product lines it could properly sell, including, but not limited to, those that had been sold and promoted by V.C. Medical.

**I HEREBY CERTIFY** that on this same date a true copy of this Plaintiff's Response to Defendants First Request for Admissions has been sent by regular mail and/or messenger to Arturo Negrón García, Rodrigo de Triana 123, El Vedado (Hato Rey) San Juan, P.R. 00918 and Mirta E. Rodríguez Mora, Avenida de Diego 553 Altos, Puerto Nuevo, P.R. 00920.

**RESPECTFULLY SUBMITTED,**

In San Juan, Puerto Rico, this 14th day of October, 1998.

LAW OFFICES OF
KENNETH J. McCULLOCH
Miramar Embassy #205
902 Avenida Ponce de León
San Juan, P.R. 00911
Tel. & Fax (787) 722-8943

KENNETH J. McCULLOCH
USDCPR Federal Bar No. 212814

250