# CERTIFICATE OF INCORPORATION
## OF
## MEDEX CORP.

We, the undersigned, for the purpose of associating to establish a corporation for the transaction of the business and the promotion and conduct of the objects and purposes hereinafter stated, under the provisions and subject to the requirements of the laws of the Commonwealth of Puerto Rico, and particularly an act entitled "General Corporation Law for the Commonwealth of Puerto Rico" approved on August 10, 1995, as the same may be amended from time to time, do make and file this Certificate of Incorporation in writing and do hereby CERTIFY:

**FIRST:** The name of the corporation (hereinafter called the Corporation) is:

**MEDEX CORP.**

**SECOND:** The principal office of the Corporation in the Commonwealth of Puerto Rico will be located at #54 Federico Costas, Unit #7, Urb. Industrial Tres Monjitas, Hato Rey, Puerto Rico

**THIRD:** The name of the resident agent of the Corporation, whose address is that of the principal office of the Corporation, is José Castillo.

**FOURTH:** The nature of the business of the Corporation and the objects or purposes to be transacted, promoted or carried on by it are as follows:

1. To ensamble, distribute and sell medical equipment in Puerto Rico.

2. To such extent as a corporation organized under the laws of the Commonwealth of Puerto Rico may now or hereafter lawfully do, to do, either as principal or agent and either alone or through subsidiaries or in connection with other persons, firms, associations or corporations, all and everything necessary, suitable, convenient or proper for, or in connection with, or incident to, the accomplishment of any of the purposes or the attainment of any one or more of the objects herein enumerated, or designed directly or indirectly to promote the interests of the Corporation or to enhance the value of its properties, and, in general, to do any and all things and exercise any and all powers, rights and privileges which a corporation may now or hereafter be organized to do or to exercise under the laws of the Commonwealth of Puerto Rico.

280

The foregoing provisions of this article fourth shall be construed both as purposes and powers and each as an independent purpose and power. The foregoing enumeration of specific purposes and powers shall not be held to limit or restrict in any manner the purposes and powers of the Corporation, and the purposes and powers herein specified shall, except when otherwise provided in this article fourth, be in no way limited or restricted by reference to, or inference from the terms of any provision of this or any other article of this certificate.

The Corporation is to be carried on for pecuniary profit and its existence shall be perpetual.

FIFTH: The total number of shares of all classes of stock which the Corporation is authorized to issue is FIFTY THOUSAND (50,000) shares of common stock with a par value of TWENTY DOLLARS ($20.00) per share, for a total of $1,000,000 of authorized capital.

The minimum amount of capital with which the Corporation will commence business is ONE THOUSAND DOLLARS ($1,000.00).

SIXTH: The names and places of residence of each of the incorporators is as follows:

1. Helga Gómez, Colgate Palmolive Building, Suite 308, Metro Office Park, Guaynabo, Puerto Rico 00968-1705.

2. Blanca Díaz, Colgate Palmolive Building, Suite 308, Metro Office Park, Guaynabo, Puerto Rico 00968-1705.

SEVENTH: For the management of the business and for the conduct of the affairs of the Corporation, and in further creation, definition, limitation and regulation of the powers of the Corporation and of its directors and stockholders, it is further provided:

1. The number of directors of the Corporation shall be fixed by or in the manner provided in the By-Laws, but in no case shall the number be less than three. The directors need not to be stockholders. Election of directors need not to be by ballot. Meetings of the Board of Directors may be held at such place or places within or without the Commonwealth of Puerto Rico as shall be specified in the respective notices thereof or in the respective waivers of notice thereof signed by all the directors of the Corporation at the time in office.

2. In furtherance and not in limitation of the powers conferred by the laws of the Commonwealth of Puerto Rico, and subject at all times to the provisions thereof, the Board of Directors is expressly authorized and empowered:

2

281

a. To make, alter and repeal the By-Laws of the Corporation, subject to the power of the stockholders to alter or repeal the By-Laws made by the Board of Directors.

b. The Board of Directors shall determine, from time to time, whether and to what extent and at what times and places and under what conditions and regulations the accounts and books and documents of the Corporation (other than the stock ledger), or any of them, shall be open to inspection by the stockholders. No stockholder shall have any right to inspect any account or book or document of the Corporation, except as conferred by the laws of the Commonwealth of Puerto Rico unless and until duly authorized to do so by resolution of the Board of Directors.

c. To authorize and issue obligations of the Corporation, secured or unsecured, to include therein such provisions as to redeemability, convertibility or otherwise, as the Board of Directors, in its sole discretion may determine, and to authorize the mortgaging or pledging of, and to authorize and cause to be executed mortgages and liens upon any property of the Corporation, real or personal, including after-acquired property.

d. To determine whether any and, if any, what part of the net profits of the Corporation or of its net assets in excess of its capital shall be declared in dividends and paid to the stockholders, and to direct and determine the use and disposition thereof.

e. To set apart a reserve or reserves, and to abolish any such reserve or reserves, or to make such other provisions, if any, as the Board of Directors may deem necessary or advisable for working capital, for additions, improvements and betterments to plant and equipment, for expansion of the business of the Corporation (including the acquisition of real and personal property for that purpose) and for any other purpose of the Corporation.

f. To establish bonus, profit sharing, pension, thrift, and other types of incentive, compensation or retirement plans for the officers and employees (including officers and employees who are also directors) of the Corporation, and to fix the amounts of profits to be distributed or shared or contributed and the amounts of the Corporation's funds otherwise to be devoted thereto and to determine the persons to participate in any such plans and the amounts of their respective participations.

3

282

g.  To issue or grant options for the purchase of shares of stock of the Corporation to officers and employees (including officers and employees who are also directors) of the Corporation and its subsidiaries for such consideration and on such terms and conditions as the Board of Directors may determine from time to time.

h.  To enter into contracts for the management of the business of the Corporation.

i.  By resolution or resolutions passed by a majority of the whole of the Board, to designate one or more committees, each committee to consist of two or more of the directors of the Corporation, which, to the extent provided in such resolution or resolutions or in the By-Laws, shall have and may exercise the powers of the Board of Directors (other than the power to remove or elect officers) in the management of the business and affairs of the Corporation, and may have power to authorize the seal of the Corporation to be affixed to all papers which may require it, such committee or committees to have such name or names as may be stated in the By-Laws or as may be determined from time to time by resolution adopted by the Board of Directors.

j.  To exercise all the powers of the Corporation, except such as are conferred by law, or by this Certificate of Incorporation or by the By-Laws of the Corporation, upon the stockholders.

3.  The Board of Directors or individual directors shall not be held liable and shall have no personal liability for any act or omission in which they incurred in the performance of their duty, with the exception of what is stated in Article 1.02 (b)6 of the General Corporation Law.

4.  Anyone or all of the directors may be removed, with or without cause, at any time, by either

    a.  the vote of the holders of a majority of the stock of the Corporation issued and outstanding and entitled to vote and present in person or by proxy at any meeting of the stockholders called for the purpose, or

    b.  an instrument or instruments in writing addressed to the Board of Directors directing such removal and signed by the holders of a majority of the stock of the Corporation issued and outstanding and entitled to vote, and thereupon the term of each such director who shall be so removed shall terminate.

4

283

5. No contract or other transaction between the Corporation and any other corporation, whether or not such other corporation is related to the Corporation through the direct or indirect ownership by such other corporation of a majority of the shares of the capital stock of the Corporation or by the Corporation of a majority of the shares of the capital stock of such other corporation, and no other act of the Corporation shall, in the absence of fraud, in any way be affected or invalidated by the fact that any of the directors of the Corporation are pecuniarily or otherwise interested in, or are directors or officers of such other corporation or by the fact that such other corporation is so related to the Corporation. Any director of the Corporation individually or any firm or association of which any director may be a member, may be a party to, or may be pecuniarily or otherwise interested in any contract or transaction of the Corporation, provided that the fact he individually or such firm or association is so interested, shall be disclosed or shall have been known to the Board of Directors or a majority of such members thereof as shall be present at any meeting of the Board of Directors, at which action upon any such contract or transaction shall be taken. Any director of the Corporation who is also a director or officer of such other corporation or who is so interested may be counted in determining the existence of a quorum at any meeting of the Board of Directors which shall authorize any such contract or transaction, with like force and effect as if he were not such director or officer of such other corporation or not so interested.

6. Each director and officer of the Corporation (and each director or officer of any other corporation serving as such at the request of the Corporation because of the Corporation's interest in such other corporation), whether or not then in office, shall be indemnified by the Corporation against all costs and expenses reasonably incurred by or imposed upon him in connection with or arising out of any action, suit or proceeding in which he may be involved or to which he may be made a party by reason of his being or having been a director or officer of the Corporation; except in relation to matters for which Article 1.02 (b)6 permits no protection to these Directors.

In case of settlement of any such action, suit or proceeding, such director or officer shall be indemnified by the Corporation against the cost and expense of such settlement (including any amount paid to the Corporation or to such other corporation) reasonably incurred by him, after, and only after

1. the Corporation shall have been advised by independent counsel that such director or officer is not liable for negligence or misconduct in the performance of his duty as such director or officer in relation to the matters covered by such action, suit or proceeding, and that

5

284

such cost and expense does not substantially exceed the expense which might reasonably be incurred by such director or officer in conducting such action, suit or proceeding to a final conclusion, or

2. the holders of a majority of the shares of the capital stock of the Corporation issued and outstanding in the hands of desinterested persons and entitled to vote shall, by vote at any annual meeting of the stockholders or at any special meeting called for the purpose, approve such settlement and the indemnification of such director or officer of the cost and expense thereof. The phrase "desinterested person" as used herein shall mean any person other than:

   a. a director or officer who, at the time, is or may, as such director or officer, be entitled to indemnification pursuant to the foregoing provisions,

   b. any corporation or organization of which any such person owns of record or beneficially five percent (5%) or more of the voting stock,

   c. any firm or association of which any such person is a member, and

   d. any spouse, child, parent, brother or sister of any such stockholder.

The foregoing rights of indemnification shall apply to the heirs, executors and administrators of any such director or officer of the Corporation or of any other such corporation, and shall not be exclusive of any other rights to which any director or officer (or his heirs, executors or administrators) may be entitled under any provision of the By-Laws of the Corporation, any agreement or any vote of the stockholders, or as a matter of law, otherwise.

EIGHTH: The Corporation reserves the right to amend, alter or repeal any of the provisions of this Certificate of Incorporation and to add other provisions authorized by the laws of the Commonwealth of Puerto Rico at the time in force in the manner and at the time prescribed by said laws, and all rights, powers and privileges at any time conferred upon the Board of Directors and the stockholders are granted subject to the provisions of this article.

285

IN WITNESS WHEREOF, we, the undersigned, being all of the incorporators hereinabove named, DO HEREBY CERTIFY that the facts hereinabove stated are truly set forth and, accordingly, have hereunto set our respective hands and seals at San Juan, Puerto Rico, this ____ day of November, 1997.

_____  
HELGA GOMEZ

_____  
BLANCA DIAZ

Affidavit Number: 10,059(A)

Commonwealth of Puerto Rico )  
Municipality of San Juan ) ss.

Be remembered that on this 24 day of November 1997, before me, a notary public, personally appeared, Helga Gómez, of legal age, married and resident of San Juan, Puerto Rico and Blanca Díaz, of legal age, single and resident of Guaynabo, Puerto Rico, being all of the incorporators who signed the foregoing Certificate of Incorporation, known to me personally to be such and I having first made known to them the contents thereof, they did each swear and acknowledge that they executed and signed the same as their voluntary act and deed and that the facts therein stated are truly set forth.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my official seal the day and year last above written.

_____  
NOTARY PUBLIC

7

286