## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ALFRED T. GIULIANO, trustee, GRAHAM - FIELD, INC., et al<br><br>Plaintiffs<br><br>Vs<br><br>E1 Enterprises, Inc., et. al.<br><br>Defendant | CIVIL NO. 98-1306 (DRD)<br>CIVIL ACTION |

## SETTLEMENT AGREEMENT

TO THE HONORABLE COURT:

COMES NOW defendant E1 ENTERPRISES, INC., ("E1"), and plaintiffs ALFRED T. GIULIANO, trustee, GRAHAM FIELD, INC. and GRAHAM FIELD EXPRESS (PUERTO RICO), INC. (hereafter "Plaintiffs"), represented by their respective attorneys, and most respectfully STATE, ALLEGE and PRAY:

1.  This Settlement Agreement is made pursuant to Federal Rules of Civil Procedures 41(a) and L.Cv.R.41(a) to settle the instant case.

2.  This Settlement Agreement is a compromise of the Litigation and is the product of serious and extended negotiations. Defendant's entry into this Settlement Agreement is a result of compromise and neither the execution nor the performance of this Settlement Agreement constitutes an admission by any Defendant that it ever perpetrated any act prohibited by the Puerto Rico Dealers' Contracts Act or the

Graham Field, Inc. v. E1 Enterprises, Inc., 98-1306          Settlement Agreement
(DRD)

Robinson Patman Act, nor in any way constitutes an admission to any averment of

fact included in the complaints or any other cause of action raised by the Plaintiffs.

Plaintiffs' entry into this settlement Agreement is a result of compromise, and this

Settlement Agreement and the orders and judgment under it are not admissions by

Plaintiffs that the claims compromised or dismissed lacked merit.

3.    This Settlement Agreement completely and finally resolves and settles all claims

against all Defendants named in the first and second Amended Complaints by

Plaintiffs.  Upon the Effective Date, all Claims of the Plaintiffs, or of any of their

agents, beneficiaries, legal representatives, trustees, heirs, executors, administrators,

predecessors, successors and assigns, or any other person claiming by or through any

Plaintiff, against all Defendants and any of the Defendant's present or former

stockholders, trustees, officers, directors, employees, agents, legal representatives,

 successors, assigns, heirs, executors, administrators, subsidiaries or affiliates are

hereby released.  The Claims discharged and released pursuant to this paragraph

include, but are not limited to, any causes of action, counterclaims, suits, rights,

demands, earnings, damages, rights, debts, obligations, fees, or injunctive or

declaratory relief under any state or federal anti trust statute or the Puerto Rico

Dealers' Contracts Act, that were or could have been raised in this Litigation.  In

addition, all claims for attorney's fees, costs, expert witness fees, discovery costs, and

Graham Field, Inc. v. El Enterprises, Inc., 98-1306                    Settlement Agreement
(DRD)

all other litigation expense and costs are completely settled and resolved by the
Settlement Agreement.

4.      This Settlement Agreement completely and finally resolves and settles all claims
against all Plaintiffs named in the first and second Counterclaim by Defendant. Upon
the Effective Date, all Claims of the Defendant, or of any of their agents,
beneficiaries, legal representatives, trustees, heirs, executors, administrators,
predecessors, successors and assigns, or any other person claiming by or through any
Defendant, against all Plaintiffs and any of the Plaintiff's present or former
stockholders, trustees, officers, directors, employees, agents, legal representatives,
successors, assigns, heirs, executors, administrators, subsidiaries or affiliates are
hereby released. The Claims discharged and released pursuant to this paragraph
include, but are not limited to, any causes of action, counterclaims, suits, rights,
demands, earnings, damages, rights, debts, obligations, fees, or injunctive or
declaratory relief under any state or federal anti trust statute or the Puerto Rico
Dealers' Contracts Act, that were or could have been raised in this Litigation. In
addition, all claims for attorney's fees, costs, expert witness fees, discovery costs, and
all other litigation expense and costs are completely settled and resolved by the
Settlement Agreement.

5.      The Parties specifically agree that the Claims released extend to *all* Claims of any

Graham Field, Inc. v. E1 Enterprises, Inc., 98-1306
(DRD)                                                  Settlement Agreement

kind or nature or whatsoever, including but not limited to any and all Claims which

might be cognizable before any arbitrator, federal or state agency, federal or state

court, and the Parties expressly, knowingly, and voluntarily waive all rights under

Section 1542 of the <u>Civil Code of the State of California</u> ("Section 1542") or under

any other state or federal statute or common law principle of similar effect. Said

Section 1542 provides as follows:

1542. <u>General Release - Claims Extinguished</u>. A general release does not

extend to claims which the creditor does not know or suspect to exist in his

favor at the time of executing the release, which if know by him must have

materially affected his settlement with the debtor.

6.     For purposes of this Settlement Agreement, the term "creditor" as used and referred

to in Section 1542 means and refers to each Plaintiff with regard to any and all Claims

against Defendants.

7.     This Settlement Agreement is subject to the approval of the U.S. Bankruptcy Court

for the District Of Delaware. This is because Plaintiffs are in bankruptcy.

8.     Within ten (10) after the parties execute this Settlement Agreement E1 will pay

Plaintiffs $30,000. That amount will be paid into the escrow account of Archer &

Grenier, One Centennial Square, Haddonfield, New Jersey 08033. This first payment

will be sent to the above referenced law firm, as an escrow check, to the attention of

Page 4 of 10

Graham Field, Inc. v. E1 Enterprises, Inc., 98-1306                    Settlement Agreement
(DRD)

John Fiorella, Esq.  Archer & Grenier is the law firm representing the Trustee in the

bankruptcy proceedings.

9.    Once Archer & Grenier receives the executed Settlement Agreement and the Escrow

check, the Trustee will petition the U.S. Bankruptcy Court in Delaware to approve the

Settlement Agreement.  It is anticipated that this approval process will take 30 to 45

days from the date the petition is filed.

10.    Upon approval of the Settlement Agreement by the United States Bankruptcy Court,

Archer & Grenier will transfer the $30,000 held in the escrow account to the accounts

designated by the Trustee in Bankruptcy.

11.    Four months after the first payment has been made, and in the event that the U.S.

Bankruptcy Court has approved this Settlement Agreement, E1 will make a second

$30,000 to Plaintiff.  The second payment will be made by check payable to the order

of Alfred T. Giuliano, Trustee in Bankruptcy.

12.    In the event that the U.S. Bankruptcy Court has not approved the Settlement by the

date the second $30,000 installment is due, E1 will not have to make such installment

until 10 days after counsel for E1 is notified of the Bankruptcy Court's approval.

13.    In the event that the Bankruptcy Court does not approve this Settlement Approval,

Plaintiffs will return forthwith to E1 the initial $30,000 payment and this Settlement

Agreement will become null and void.  In that eventuality, Plaintiffs and E1 will no

Page 5 of 10

Graham Field, Inc. v. E1 Enterprises, Inc., 98-1306                    Settlement Agreement
(DRD)

longer be obligated under the terms and conditions of this Settlement Agreement.

14. To assure that the second payment of $30,000 is made, E1 has executed the Confession of Judgment that is attached, in the amount of $150,000. As that Judgement states, it will not be entered against E1 if the second payment of $30,000 is made as provided for in this Settlement Agreement.

15. A third element of this Settlement Agreement is an additional amount of $10,000 held by the United States District Court for the District of Puerto Rico. This is the amount that E1 was fined by the Court during the course of this case. The Court has represented to the parties that it will permit this amount to be used in addition to the amounts paid by E1 as settlement in this case. The Court represented that it would add the $10,000 to the settlement amount agreed to by E1 in order to facilitate a settlement in this case.



16. E1 agrees to execute those documents that are required by Plaintiffs and the Court that are necessary to enable the Court to re-consider its decision to impose this fine, so that the Court can reverse that decision, for the benefit of Plaintiffs and enable this amount to be paid to Plaintiffs. This amount of $10,000 will be paid directly to the Plaintiff and will not revert to E1 under any circumstances. E1 will execute the documents that are necessary to enable the Court to do what it has agreed to do, and to enable Plaintiffs to receive this $10,000.

Page 6 of 10

Graham Field, Inc. v. E1 Enterprises, Inc., 98-1306 (DRD)                    Settlement Agreement

17. This Settlement Agreement is effective following signatures of the parties. Once the Settlement Agreement is approved by the U.S. Bankruptcy Court in Delaware, both E1 and Plaintiffs will seek an order from the United States District Court for the District of Puerto Rico approving the Settlement Agreement pursuant to Federal Rule of Civil Procedure 41(a) and Local Civil Rule 41(a) and dismissing the Litigation with prejudice ("Dismissal Order").

18. The Dismissal Order will become final when the time for appeal with respect to the Dismissal Order has expired and no appeal has been taken or an appeal otherwise has been foreclosed as a matter of law or, if appealed, the Dismissal Order is affirmed in its entirety and all rights to further appeal or review by any person have been exhausted or foreclosed.



19. The Court may not modify any term of this Settlement Agreement. The Court has authority to interpret and enforce this Settlement Agreement.

20. The Court will retain jurisdiction to enforce this Settlement Agreement and to enter orders that are necessary to implement this Agreement.

21. This Settlement Agreement constitutes the entire agreement of the Parties concerning its subject matter, is intended to supersede all prior negotiations, understandings, and agreements, including but not limited to the proceedings before Judge Daniel Dominguez, and there are no other written or oral agreements, understandings,

Graham Field, Inc. v. E1 Enterprises, Inc., 98-1306          Settlement Agreement
(DRD)

representations, or obligations that shall have any further force or effect. This Settlement Agreement represents a unitary whole and each and every term therein is an integral part of the entire Settlement Agreement.

22. This Settlement Agreement shall be governed by, and construed and enforced in accordance with Puerto Rico law, without regard to choice of law provisions. If, and to the limited extent that Puerto Rico law is preempted, the Settlement Agreement shall be governed by, and construed and enforced in accordance with, federal law.

23. The Settlement Agreement may include future amendments, supplements and additions as part of this Settlement Agreement, but only if they are in writing and signed by Plaintiffs' counsel and Defendant's counsel, and specifically refer to this Settlement Agreement.



24. This Settlement Agreement is binding upon, and shall inure to the benefit of, the Partes and their respective heirs, executors, administrators, officers, stockholders, affiliates, successors and assigns.

25. The Settlement Agreement may be executed in several counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

26. None of the Parties hereto shall be considered to be the drafter of this Settlement Agreement or any provision hereof for the purpose of any statute, case law or rule of

Graham Field, Inc. v. E1 Enterprises, Inc., 98-1306
(DRD)                                                        Settlement Agreement

interpretation or construction that would or might cause any provision to be construed

against the drafter hereof.

27.    If the Court refuses to approve this Settlement Agreement or any part hereof, or if

such approval is modified r set aside on appeal, or if the Court does not enter the final

judgment provided for in paragraph six (6) hereof, or if the Court enters the final

judgment and appellate review is sought and, on such review, such final judgment is

not affirmed in its entirety, then this Settlement Agreement becomes null and void.

28.    The Parties expressly reserve all of their rights if the Settlement does not become final

in accordance with then terms of this Settlement Agreement and, if the Settlement

Agreement is terminated or is not approved, all Parties return to their positions in this

Litigation before this Settlement and the Litigation shall return to the status before this

Settlement.

IN WITNESS THEREOF, the Parties, through their fully authorized representatives, have

agreed to this Settlement Agreement.

RESPECTFULLY SUBMITTED.

In Hato Rey, Puerto Rico, March 8, 2005

Graham Field, Inc. v. E1 Enterprises, Inc., 98-1306
(DRD)

Settlement Agreement

_____
KENNETH McCULLOCH
BRG&S
Counsel for Plaintiffs
51o Fifth Avenue, 12th Floor
New York, New York 10036
Tel. 212-398-9508
Fax 212-398-9512

_____
IGNACIO FERNANDEZ DE LAHONGRAIS
USDC - PR 211603
Counsel for defendant E1
Capital Center Sur, Suite 202
Avenida Arterial Hostos #239
Hato Rey, Puerto Rico 00918-1475
Tel. 758-5789 Fax 754-7504

Page 10 of 10

## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

ALFRED T. GIULIANO, trustee, GRAHAM
- FIELD, INC., et al.,

Plaintiffs,

Vs

E1 Enterprises, Inc., et. al.,

Defendant.

CIVIL NO. 98-1306 (DRD)
CIVIL ACTION

### CONFESSION OF JUDGMENT

TO THE HONORABLE COURT:

COMES NOW defendant E1 ENTERPRISES, INC., ("E1"), represented by the undersigned attorney, and most respectfully STATES, ALLEGES and PRAYS:

The above referenced Plaintiffs and E1 have entered into a Settlement Agreement. Part of that Settlement Agreement calls for Defendant to make a payment to Plaintiff in the amount of $30,000, such amount to be paid on the later of July 1, 2005 or ten days after the undersigned attorney is notified by Plaintiffs that the Bankruptcy Court for the District of Delaware approved the Settlement Agreement.

As consideration for the agreement of Plaintiffs to wait for the $30,000, and for other good and sufficient reasons, E1 hereby agrees that if payment is not made by the date set forth above, Plaintiffs may enter this as Judgment against E1 in the amount of $150,000.

SO AGREED.

Graham Field, Inc. v. E1 Enterprises, Inc., 98-1306 (DRD)
Confession of Judgment


In Hato Rey, Puerto Rico, March 8, 2005.

IGNACIO FERNANDEZ DE LAHONGRAIS
USDC - PR 211603
Counsel for E1
Capital Center Sur, Suite 202
Avenida Arterial Hostos #239
Hato Rey, Puerto Rico 00918-1475
Tel. 758-5789 Fax 754-7504